HAWTHORNE, Justice.
 

 Appellant, Mrs; Acle McMillian, was indicted for the murder of her husband, Dudley McMillian, tried, found guilty of manslaughter, and sentenced to 15 years at hard labor in the state penitentiary. From this conviction and sentence she has appealed.
 

 The homicide was admitted, but the accused pleaded
 
 self-defense.
 
 Defendant relies on 11 bills of exception reserved and perfected. All of these bills are closely related, particularly Bills Nos. 1, 2, 4, 5, and 10. Each of the enumerated bills was reserved to the ruling of the court sustaining the State’s objection to a question asked a defense witness which would have elicited evidence of previous difficulties or altercations between the deceased and the accused. For example, the question involved in Bill No. 5 was: “Have you seen Mr. McMillian while he was drunk physically beating Mrs. McMillian?” The defense had introduced evidence that the deceased was intoxicated at the time of the homicide, and by the questions presented by these bills was attempting to show that the deceased had brutally mistreated defendant and inflicted great bodily harm on her on previous occasions when he was intoxi.cated.
 

 We are informed by counsel for the State that the trial judge based his rulings on ' Article 479 of the Code of Criminal Procedure, LSA-R.S. 15:479, which provides
 
 *99
 
 that character, whether good or had, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him, and counsel contends that under the provisions of this article and the jurisprudence of this state evidence of specific acts or of prior altercations between the deceased and the accused is not admissible to show the character of the deceased.
 

 In the instant case it is conceded that there was evidence of hostile demonstration and of an overt act on the part of the deceased, and the' State admits that under the provisions of Article 482 of the Code of Criminal Procedure, LSA-R.S. 15 :482, as amended by Act 239 of 1952, evidence of the deceased’s dangerous character or of threats made by him against the accused was admissible. It is contended by the State, however, that evidence to establish bad character must be confined to general reputation and cannot include specific acts.
 

 The State is correct that it is well settled under the law that evidence or proof of specific acts or details of prior difficulties cannot be adduced to show the dangerous character of a deceased. The evidence sought to be elicited here, however, would have served a different purpose from • merely showing the dangerous character of The deceased, for under the plea of self-defense such evidence was admissible and relevant to show the reasonableness of the defendant’s fear of an impending attack or .of suffering great bodily harm at the time of the homicide. It would have tended to negative intent and was thus relevant and admissible under Article 441 of the Code of Criminal Procedure, which provides: “Relevant evidence is that tending * * to negative the commission of the offense and the intent.”
 

 The text writers throughout the country recognize that evidence of prior difficulties between the accused and the deceased is admissible and relevant for this purpose. In 2 Warren on Homicide (perm, ed.), § 231, p. 790, we find:
 

 “On a prosecution for homicide or for assault with intent to kill, where the defendant interposes a plea of self-defense, evidence of another difficulty occurring a short time previously between the same parties, is admissible. Evidence of a previous difficulty between the defendant and the deceased, is admissible for the purpose of throwing ’light upon the conduct of the deceased at the time of the encounter, the state of mind of either, and as affecting the reasonableness of defendant’s own condrtct, and, where there is a conflict as to who was the aggressor, as tending to show that fact. * * * Evidence of previous quarrels has always been held admissible, unless they were separate and independent acts; but wherever they were continuous
 
 *101
 
 from the inception to the termination of the homicide, and unite the preceding with the subsequent acts, thereby shedding light upon motive and explaining conduct, it is admissible. * *
 

 “The defendant may show the relations that had existed between himself and the deceased for an indefinite period before the killing. * * * ”
 

 In 1 Wharton’s Criminal Evidence (11th ed.), § 287, p. 375, it is stated:
 

 “The general rule is that circumstances showing previous difficulties or encounters between the accused and the deceased are relevant where such circumstances have an obvious connection with, or serve to explain, the facts and circumstances of the homi-' cide charge on trial. The length of time intervening is only material as affecting the credibility and weight to be given to such evidence. Where the difficulty is followed by continuous hostility or a disposition to renew at every opportunity, the weight of the testimony is correspondingly increased. Where the difficulty is temporary or followed by a- cessation of hostilities, or' where former peaceful relations have been resumed, the circumstances of the previous difficulties are of little value. * *. * On a charge of homicide, it is relevant to give evidence of a difficulty occurring between accused and deceased two years previous, where the evidence shows a continuous state of hostility. But where the previous difficulty does not tend to establish hostile relations between the accused and the deceased, and has no apparent connection with the homicide, it is irrelevant. * * * ”
 

 Underhill’s Criminal Evidence (4th ed.), § 560, at p. 1106, states:
 

 “ * * * Evidence of prior ill feeling between the defendant and the deceased is admissible in favor of the former as well as against him, where a plea of provocation or self-defense is made and the evidence is contradictory as to who was the aggressor. * * ”
 

 We are therefore of the opinion that the district judge erred in excluding the testimony sought to be introduced, that his rulings were prejudicial to the substantial rights of the accused, and that she is entitled to a new trial.
 

 For the reasons assigned, the conviction and sentence are reversed and set aside, and the defendant is granted a new trial.
 

 McCALEB, J., concurs being of the opinion that the excluded evidence was admissible under LSA-R.S. 15:482.