353 So.2d 241 (1977)
STATE of Louisiana
v.
Alfred BOSS, Jr.
No. 60010.
Supreme Court of Louisiana.
December 19, 1977.
Dee D. Drell, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Edward E. Roberts, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Alfred Boss, Jr. was charged by bill of information with having committed the offense of aggravated battery (a violation of R.S. 14:34) in that on November 20, 1976 he shot Joe Butler in the knee with a twelve gauge shotgun. Defendant, after trial by jury, was found guilty, and sentenced to six years at hard labor in the custody of the Department of Corrections. Defendant now appeals to this Court for a reversal of his conviction relying upon two assignments of error.
*242 The facts of the case are generally as follows: On the afternoon of November 20, 1976, defendant Boss, sixty years old, and the victim Joe Butler, forty-eight years old, were at Martin's Grocery Store just off Highway 28 West in Rapides Parish. According to Boss, an altercation occurred, and the victim threatened Boss with a knife. Boss and Butler left the store; Butler returned about six that evening, and Boss returned about 6:30 or 7:00 p. m. Shortly thereafter, outside of the store, Boss shot Butler in the knee with a shotgun. According to Boss, Butler "came at him" with a knife, precipitating the shooting.

ASSIGNMENT OF ERROR NO. 1
In defendant's first assignment of error he contends that he was prejudiced by what he terms "continuous and repeated attempts by the District Attorney to instruct the jury during voir dire." This assignment is without merit. Our review of the voir dire examination indicates that the defendant was not prejudiced by the state's questioning. The trial judge sustained defendant's objections. Thus, in spite of the repetitious efforts of the district attorney to instruct the jury on the law, that effort was thwarted by trial court rulings which were favorable to the defense.

ASSIGNMENT OF ERROR NO. 2
Defendant's second assignment of error raises a more serious question for our consideration. In this assignment defendant contends that the trial court erred in excluding evidence of the victim's prior hostile conduct which had occurred on the same day as the shooting in question. The testimony sought to be introduced was that of one Rodney Winn. The essence of this witness' testimony was that earlier on the same day the victim Butler was involved in a show of aggression involving a third party, not defendant Boss. Upon a timely state objection the trial court admonished the jury to disregard the testimony of this witness. Defendant contends that once an overt act is proven on the part of the victim this testimony is admissible under our decision in State v. Lee, 331 So.2d 455 (La.1976) to establish that the victim was the aggressor in the conflict with defendant.
The state, despite its concession that an overt act was proven by the victim, maintains that the trial court correctly excluded the testimony of the witness Winn. The state contends that for such testimony to have been admissible the prior hostile act must have been known to the defendant at the time of the shooting, and that defendant Boss did not know of this hostile act.
In State v. Lee, supra, we held that once an overt act is established on the part of the victim evidence of threats and of the victim's dangerous character were admissible for two distinct purposes:
1) to show the defendant's reasonable apprehension of danger which would justify his conduct; and
2) to help determine who was the aggressor in the conflict.
1 Wigmore on Evidence, § 63 (3rd ed. 1940); McCormick on Evidence, § 295 (2nd ed. 1972). There is a distinction between these two purposes and each has a different prerequisite to admissibility and a differing scope. See, generally, 37 La.L.Rev. 1166 (1977).
As pointed out in Lee, when the evidence is sought to be introduced to show the accused's state of mind, it must be shown that the defendant knew of the victim's prior threats or reputation. Once it is shown that defendant had such knowledge, the scope of evidence allowed to indicate the victim's character is not limited to evidence of general reputation, but includes evidence of specific acts. State v. Lee, supra. See also, State v. McMillian, 223 La. 96, 64 So.2d 856 (1953); 2 Wigmore on Evidence § 248 (3rd ed. 1940). The testimony of Mr. Winn in the present case, relative to the hostile act of the victim toward a third party on the day in question, would not be admissible for the purpose of establishing apprehension on the part of defendant since defendant had no knowledge of the incident.
*243 On the other hand, when evidence of the victim's dangerous character (character evidence) is sought to be introduced by a defendant for the second purpose, i. e. to prove that the victim was the aggressor, there is no requirement that the defendant have knowledge of the victim's prior acts or reputation. As Professor Wigmore explains it:
"The reason for the hesitation, once observable in many Courts, in recognizing this sort of evidence, [i. e. character evidence to prove aggression] and the source of much confusion upon the subject, was the frequent failure to distinguish this use of the deceased's character from another use, perfectly well-settled, but subject to a peculiar limitation not here necessary,the use of communicated character for violence to show the reasonableness of the defendant's apprehension of violence . . . . As the purpose there is to show the defendant's state of mind, it is obvious that the deceased's character, as affecting the defendant's apprehensions, must have become known to him; i. e. proof of the character must indispensably be accompanied by proof of its communication to the defendant; else it is irrelevant. In the present use, [i. e. character evidence to prove aggression] this additional element of communication is unnecessary; for the question is what the deceased probably did, not what the defendant probably thought the deceased was going to do. The inquiry is one of objective occurrence, not of subjective belief." 1 Wigmore on Evidence, § 63, at 470-71 (3rd ed. 1940)
However, consistent with this evidentiary rule which is not premised on the defendant's knowledge of the victim's character, there still remains the general rule of evidence that character, whether good or bad, "depends upon the general reputation that a man had among his neighbors . . . ." R.S. 15:479. Under this rule proof of a victim's character tending to prove which person is the aggressor in a conflict must be established by the general reputation of the victim, not by specific acts. Only when victim-character evidence is offered to prove the state of mind of the defendant can such evidence consist of testimony of specific acts by the victim, and then, as we have said, such acts must be known by the defendant. State v. Lee, supra; 37 La.L. Rev. 1166 (1977). For this reason, the testimony of Mr. Winn relative to the hostile act of the victim with respect to a third party was inadmissible for the purpose of establishing who was the aggressor in the conflict with defendant because it was beyond the scope of evidence permitted for that purpose. R.S. 15:479. Only evidence of general reputation, not evidence of specific acts or personal opinion, is admissible to establish who was the aggressor in the conflict.
We therefore find that the trial court was correct in admonishing the jury to disregard the testimony of Mr. Winn relative to a specific prior hostile act by the victim which was not known to the defendant at the time of the shooting. This assignment lacks merit.

Decree
For the foregoing reasons the conviction and sentence of the defendant Alfred Boss, Jr. is affirmed.
AFFIRMED.