366 So.2d 1314 (1978)
STATE of Louisiana
v.
Theresa THIBEAUX.
No. 62026.
Supreme Court of Louisiana.
December 15, 1978.
*1315 Howard L. Franques, Jr., Anatole J. Plaisance, Plaisance & Franques, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
The principal issue presented in this case is whether, in a prosecution for murder, the trial judge may exclude, as being too remote in time from the offense, evidence of a specific act of violence committed by the deceased upon defendant, offered in support of defendant's plea of self-defense, without considering other circumstances of the violent act to determine if evidence of it is relevant to show that the defendant committed *1316 the homicide in a reasonable belief that it was necessary to defend herself from imminent danger of death or great bodily harm.
Defendant, Theresa Thibeaux, was charged with fatally shooting her husband, Warren Thibeaux, Sr., in the course of a violent domestic quarrel. On November 15, 1976 the deceased, who was estranged from his wife, returned to her residence to see his children. An argument ensued when she refused to have sexual intercourse with him. During a physical altercation which closely followed the verbal conflict, the deceased was mortally wounded by two shots fired from a pistol by the defendant.
The defendant was convicted by a unanimous jury of first degree murder, La. R.S. 14:30, and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence when the jury unanimously found the sentence of death inappropriate after a sentencing hearing. La. C.Cr.P. art. 905, et seq. On appeal, the defendant contends that the trial court erred in declining to consider the circumstances of the prior violent acts of the deceased, in addition to their distance in time from the moment of the affray, in determining whether evidence of them was relevant to the defendant's belief of impending danger from the deceased. Finding merit in this contention, we reverse for the reasons hereinafter assigned.
The homicide was admitted, but the accused pleaded self-defense. At trial the defendant testified that during their quarrel when she threatened to remove the deceased's clothes from the house he grabbed her by the hair and started beating her with his fists. She stated that he choked her and smothered her until she passed out. Upon regaining consciousness, she testified, the deceased told her that she may as well call the police because they were going to have to take her to the hospital. At this point, she said, he advanced toward her as she displayed the pistol and warned him to stop. According to the defendant, he ignored the warning and she had to shoot him twice to halt his attack.
The deceased was a large man, weighing about 190 pounds. The accused was a much smaller woman, weighing about 116 pounds.
Out of the presence of the jury defense counsel informed the court that in order to show defendant's reasonable fear of death or great harm he intended to present evidence that the deceased, in previous violent attacks upon the defendant had beaten her with a gun, beaten her with a butcher knife, knocked out two of her front teeth, and cut her on the face. The prosecuting attorney objected to proof of these events on the ground that they were too remote in time from the crime to have any relevance. Without inquiring into the circumstances of the prior violent acts of the deceased, the trial judge informed defense counsel that he would be permitted to introduce evidence of such hostile demonstrations provided that they were not "so distant and of time or circumstantial frame" as to have no relevance to the matter before the court.
Before the jury, the defendant was permitted to describe two previous beatings administered to her by the deceased, occurring within nine months of the shooting. However, State objections were sustained to questions asked of her which prevented her from attempting to establish aggravated and simple batteries upon her by the deceased which had occurred between two and five years before the homicide. The court also excluded at the prosecution's bidding photographs allegedly depicting injuries inflicted on the couple's children by the deceased ten years prior to the killing. The State's objections and the court's rulings were based solely upon the distance in time of the violent acts from the moment of the affray. No further inquiry was made by the court into the possible relevance of this conduct by the deceased to the state of the defendant's mind as to the necessity of defending herself.
Defense counsel objected to the court's rulings on the ground that the evidence was relevant to a plea of self-defense, authorized by La. R.S. 14:20: "A homicide is justifiable: (1) When committed in self-defense by one who reasonably believes that he is in *1317 imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. * * *"
Under the plea of self-defense evidence or proof of specific acts or details or prior altercations between the deceased and the accused is admissible and relevant to show the reasonableness of the defendant's fear of an impending attack or suffering great bodily harm at the time of the homicide. Such evidence tends to negative intent and is thus relevant and admissible under La. R.S. 15:441, which provides:
"Relevant evidence is that tending * * to negative the commission of the offense and the intent."
State v. McMillan, 223 La. 96, 64 So.2d 856 (1953). Cf. State v. Lee, 331 So.2d 455 (La.1976).
The distance in time from the moment of the offense on trial does not necessarily destroy the capacity of the deceased's violent act to create apprehension. Nor does the fact that the circumstance creating apprehension is a single act or series of acts, instead of general character. 2 Wigmore on Evidence, § 248 (3d ed. 1940). There may be instances where a violent act is too remote in time or of a greatly different quality than the one which the defendant accuses the victim of committing. In such cases, the trial court may, upon considering the circumstances of the violent act, decline, in the exercise of its sound discretion to admit introduction of its evidence. McMorris v. State, 58 Wis.2d 144, 205 N.W.2d 559 (1973); People v. Burress, 183 Colo. 146, 515 P.2d 460 (1973); cf. Commonwealth v. Stewart, 461 Pa. 274, 336 A.2d 282 (1975); 1 Wigmore on Evidence, § 198 (3d ed. 1940). However, because some acts should properly be excluded as irrelevant, and the fact that the temporal relationship between the violent act and the charged offense should be considered in determining relevance, do not justify a failure to consider all circumstances of the violent act or an arbitrary ruling excluding evidence solely due to its distance in time from the moment of the affray. The appropriate test is whether the act sought to be established reasonably tends to prove, considering both its time and quality, the defendant's reasonable belief that he was in imminent danger of death or great harm and that his defensive action was necessary to save himself from that danger. People v. Miller, 39 N.Y.2d 543, 384 N.Y.S.2d 741, 349 N.E.2d 841 (1976); People v. Burress, 183 Colo. 146, 515 P.2d 460 (1973); cf. United States v. Burks, 152 U.S.App.D.C. 284, 470 F.2d 432 (1972) (four year interval not too distant); Barnes v. Commonwealth, 214 Va. 24, 197 S.E.2d 189 (1973) (the issue of remoteness, five years here, goes to the weight of the evidence and is a jury question); Jones v. State, 13 Md.App. 677, 284 A.2d 635 (1971); State v. Johnson, 270 N.C. 215, 154 S.E.2d 48 (1967); State v. Davis, 30 N.M. 395, 234 P. 311 (1925) (violent acts antedated charged offense ten-twelve years); State v. Ardoin, 28 N.M. 641, 216 P. 1048 (1923) (six-year interval not too remote); Annotation, 121 A.L.R. 380 (1939); 2 Wigmore on Evidence, § 248 (3d ed. 1940).
These principles are complementary to the long established rules helpful to prosecutors which hold that prior difficulties between the defendant and the victim are generally admissible in murder prosecutions; and that the remoteness in time between them and the alleged offense should properly go to the weight of the evidence not its admissibility. State v. Watson, 301 So.2d 653 (La.1974); State v. Burkhalter, 211 La. 342, 30 So.2d 112 (1947); State v. Ross, 160 La. 661, 107 So. 481 (1926). Moreover, this Court in adopting the rule that violent acts by the deceased are admissible to show the reasonableness of defendant's apprehension, quoted with approval from text writers who assert that the "length of time intervening [between the alleged offense and the violent act] is only material as affecting the credibility and weight to be given to such evidence." State v. McMillan, 223 La. at 101, 64 So.2d at 857.
Based on these authorities, the trial court committed error in excluding the evidence of violent acts by the deceased solely on the basis of their temporal relationship *1318 with the killing and in failing to determine whether, considering all of the pertinent circumstances, evidence of the acts was relevant to prove the defendant's reasonable belief of impending danger from the deceased. Since a proper examination of the excluded evidence considering both its quality and chronology may reveal that it was fully relevant to prove the defendant's reasonable belief of impending danger from the deceased, the judge's rejection of the evidence without a proper determination of its relevance was prejudicial to defendant's substantial rights, and the defendant is entitled to a new trial.
For the reasons assigned, the conviction and sentence are reversed and set aside, and the defendant is granted a new trial.
REVERSED; NEW TRIAL GRANTED.