FITZSIMMONS, Judge,
dissenting, with reasons.
Louisiana Code of Evidence article 404 A(2) and B(2) dispense with the need to show an overt act before introduction of evidence of the dangerous character of the victim, if the defendant can establish an “intimate relationship,” “histoiy of assaultive behavior,” and pleads “self-defense.” The article does not require that the relationship be familial. It specifically states that the “intimate 'relationship” is “not limited to, the husband-wife, parent-child, or concubinage relationship....” La.C.Cr.P. art. 404 A(2) & B(2).
The trial court erred when it prevented the defendant from trying to establish an “intimate relationship” and history of abuse sufficient to meet two of the prerequisites of Code of Evidence article 404 A(2) and B(2). These provisions were designed to provide relief for defendants suffering from “battered wife” syndrome. La. C.E. art. 404 A, 1988 comments, note 4. The provisions do not mandate that the battered party stay in the relationship or risk losing the dispensation of article 404 when the batterer confronts the battered party in the customary manner after a break-up. Some time connection between the intimate relationship and the crime charged should be present, but to require the battered party to maintain the abusive relationship would be non-productive. See generally State v. Thibeaux, 366 So.2d 1314, 1317 (La.1978) (pre-Code of Evidence ease that discussed the effect of time between past violent acts and the crime charged).
hThe majority opinion states that the defendant failed to prove a familial relationship, which it equates with concubinage, and thus, the defendant could not use the exception provided by article 404. However, it is clear from the record that the trial court denied the defendant the opportunity to submit evidence in' an attempt to establish an “intimate relationship,” not limited to concubinage by article 404, and an assaultive behavior pattern between the parties. The fact that the parties had not lived together for two weeks was not a valid basis for the trial court to deny the defendant such an opportunity. Whether the defendant pleads self-defense, and can establish the prerequisites of article 404 A(2) or B(2) is a question for another day. Until the defendant is given the right to attempt to assert a plea of self-defense, prove an “intimate relationship,” and show that a “history of assaultive behavior” existed between the parties, the defendant has not been granted a fair trial. For these reasons, I respectfully dissent. I would reverse the conviction, and grant a new trial.