734 So.2d 608 (1999)
STATE of Louisiana
v.
Brenda RODRIGUE.[*]
No. 98-K-1558.
Supreme Court of Louisiana.
April 13, 1999.
*609 Bertha M. Hillman, for Applicant.
Richard P. Ieyoub, Attorney General, Douglas P. Moreau, District Attorney, Richard C. Nevils, Baton Rouge, for Respondent.
LEMMON, Justice.[**]
In this prosecution for second degree murder, we granted defendant's application for certiorari to determine whether her constitutional right to present a defense under La. Const. art. I, § 16 was violated when the prosecution objected, and the trial court sustained the objections, to evidence of the dangerous character of the homicide victim.

Facts
An investigating police officer, responding to an anonymous call, found the homicide victim's nude and decomposing body on the bedroom floor of his small house. The victim had been stabbed once in the chest near the neck.
The detective discovered through police records that defendant had made a 911 call some weeks earlier, complaining of a family dispute at the residence where the body had been discovered. The detective also learned from the victim's family that defendant had been the victim's girlfriend.
When the detective sought to question defendant about the homicide, she voluntarily accompanied him to the station and gave a statement. She stated that she and the victim had lived together for about six months and had separated about two weeks before the homicide. On the day of the stabbing, according to defendant, she and the victim argued near the home where they previously had lived together, and the victim forcibly dragged her to his house. Defendant said that the victim held her in the house for several hours against her will, beat her, took off her clothes and raped her, and eventually tried to have anal sex with her, at which point she grabbed a knife that was on top of the dresser, stabbed the victim once, got dressed and fled. Defendant later directed police to a place away from the scene of the homicide where defendant had hidden the knife.
At trial, defendant relied on a defense of justification. During the state's case-in-chief, the prosecutor called the victim's sister, who testified that she saw defendant and the victim walking arm-in-arm near the victim's house on the afternoon of the homicide. She further testified that defendant greeted her as "sister-in-law," and there was no indication that the victim and defendant had been fighting. On cross examination, defense counsel asked the victim's sister whether the victim had a drinking problem.[1] The prosecutor objected, and the trial judge entertained arguments out of the jury's hearing. Defense *610 counsel explained that he intended to present evidence of the victim's violent character under the domestic violence exception in La.Code Evid. art. 404 A(2). The trial court disallowed the evidence, explaining that defendant could not present evidence of the victim's dangerous character because the intimate relationship between the victim and defendant, according to her own statement to the police, did not exist at the time of the crime.
During the defense's case-in-chief, defense counsel called defendant's sister, who testified that the victim and defendant were "boyfriend and girlfriend." When defense counsel attempted to elicit further testimony in an effort to establish the intimate nature of the relationship between the victim and defendant, the prosecution again objected. After an untranscribed side-bar, no further evidence concerning the relationship was admitted.
The trial court also denied defense counsel's proffer of evidence, but allowed defense counsel to explain that he had intended to present defendant's sister and mother to testify further about the relationship between the victim and defendant and about the victim's allegedly abusive treatment of defendant. Thus defense counsel was not allowed to establish whether the victim and defendant had an intimate relationship shortly before the homicide, and whether that relationship included a history of the victim's assaultive behavior against defendant. The jury found defendant guilty of second degree murder as charged.
Affirming, the court of appeal concluded that defendant failed to establish either of the two exceptions to the general rule excluding evidence of the victim's dangerous character. 97-1517 (La.App. 1st Cir.5/15/98), 714 So.2d 203. The court noted that defendant had not laid a foundation of an "overt act" by the victim against her, and that defendant's statement and other references in the record to the relationship between defendant and the victim "provided insufficient information concerning the critical issues of the seriousness and duration of the relationship." 714 So.2d at 209.
We granted certiorari to review the rulings of the lower courts on the admissibility of evidence of the victim's dangerous character. 98-1558 (La.11/6/98), 726 So.2d 913.

Applicability of Domestic Violence Exception
La.Code Evid. art. 404 A, governing the admissibility of character evidence, provides in part:
A. Character evidence generally. Evidence of a person's character or a trait of his character, such as a moral quality, is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
. . .
(2) Character of victim. (a) Except as provided in Article 412, evidence of a pertinent trait of character, such as a moral quality, of the victim of the crime offered by an accused, or by the prosecution to rebut the character evidence; provided that in the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of his dangerous character is not admissible; provided further that when the accused pleads self-defense and there is a history of assaultive behavior between the victim and the accused and the accused lived in a familial or intimate relationship such as, but not limited to, the husband-wife, parent-child, or concubinage relationship, it shall not be necessary to first show a hostile demonstration or overt act on the part of the victim in order to introduce evidence of the dangerous character of the victim, including specific instances of conduct and domestic violence; .... (emphasis added).
Thus evidence of a person's character generally is inadmissible to prove *611 that the person acted in conformity with his or her character on a particular occasion. However, there are several specific exceptions to this general rule. With respect to evidence of the dangerous character of the victim of a crime, such evidence is admissible (1) when the accused offers appreciable evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, or (2) when the accused, relying on the defense of self-defense, establishes (a) a history of assaultive behavior between the victim and the accused and (b) a familial or intimate relationship between the victim and the accused. When the latter exception has been established, the accused may offer evidence of specific instances of dangerous conduct and domestic violence without establishing a hostile demonstration or overt act by the victim.
Inasmuch as we decide the present case on the basis of the domestic violence exception, it is not necessary to address whether the accused presented appreciable evidence of a hostile demonstration or an overt act by the victim.
The trial court rejected defendant's use of the domestic violence exception because the accused and the victim were not living in an intimate relationship at the time of the commission of this crime. Further noting there is no such plea as self-defense, the trial judge also mentioned, but did not expressly rule upon, the requirement of a history of assaultive behavior between the victim and the accused. We will address separately each of the three requirements for application of the domestic violence exception.
First, Article 404 A(2)(a) states that the exception is applicable "when the accused pleads self-defense." The only pleas authorized by the Code of Criminal Procedure are guilty; not guilty; not guilty and not guilty by reason of insanity; and nolo contendere. La.Code Crim. Proc. art. 552. Self-defense is not a plea authorized by the Code,[2] but the Legislature, obviously knowing this, nevertheless included in Article 404 A(2)(a) the requirement that an accused plead self-defense in order to avail himself or herself of the domestic violence exception.
The statutory language must have some meaning, and it is the function of the court to give a genuine construction to the language. La.Rev.Stat. 14:3; State v. Jones, 481 So.2d 598 (La.1986). We conclude that the legislative intent of the requirement was that the accused must rely in the particular case on self-defense as a defense to the prosecution.
In the present case, defendant clearly relied on the defense of self-defense. From the time of her initial statement to the police, she admitted all of the essential elements of the crime of murder. However, she justified her conduct in stabbing the victim on the basis that he had dragged her into the home, forcefully detained and assaulted her, and attempted to force her to have anal sex against her will. Thus defendant "pleaded" self-defense, in the only possible way to do so, and relied on that defense as a justification for her conduct.
As to the second requirement for use of the domestic violence exception, police records showed defendant had made at least one 911 emergency call for police assistance during a domestic dispute about the time of their break-up. Defense counsel attempted to introduce further evidence of alleged prior threats and assaults, but was denied the opportunity because of objections from the prosecutor which were sustained by the trial court.
*612 While defendant did not testify at trial, her statement to the police (introduced by the prosecutor) and the testimony of a police officer as to the 911 call tended to prove the required history of assaultive behavior between the accused and the victim. The defense offered further evidence of the alleged assaultive behavior, which the judge excluded because defendant and the victim were not living together in an intimate relationship at the time of the homicide.
As to the third requirement of a familial or intimate relationship, defendant asserted in her statement to the police that they had lived together in an intimate relationship for about six months and had separated only about two weeks before the incident. Defendant's sister testified that the two were "boyfriend and girlfriend," and the victim's sister referred to the victim's house as "their house." Defense counsel also attempted to call defendant's mother to testify further about the victim's relationship with the accused and his allegedly assaultive behavior, but the prosecutor's objection prevented the introduction of additional evidence of the intimate relationship.
As noted above, the trial court rejected the applicability of the domestic violence exception, not because of insufficiency of evidence (the issue on which the court of appeal's decision appears to turn), but because the accused and the victim were not living in an intimate relationship at the time of the incident. Because of this reasoning, the defense was precluded from introducing additional evidence of the intimate relationship. The court of appeal also suggested the requirement of a current intimate relationship. 714 So.2d at 209. The statute, however, contains no such requirement. Indeed, such a requirement would be contrary to the purpose of the statute, which "was designed to provide a certain measure of relief for defendants in the so-called battered wife cases," as well as for a broader category of accused persons. George W. Pugh et al., Handbook on Louisiana Evidence Law 307, Authors' Note (4), Art. 404 A (1998).
The domestic violence exception, as observed by the dissenting judge in the court of appeal, certainly did not contemplate that the battered party would not have the benefit of the provision when the batterer, as frequently happens, confronts and assaults the former mate shortly after the break-up of the intimate relationship. See State v. Thibeaux, 366 So.2d 1314, 1317 (La.1978) (pre-Code of Evidence case discussing the effect of time between past violent acts and the crime charged); State v. McMillian, 223 La. 96, 64 So.2d 856 (1953) (the length of time intervening between the alleged offense and the violent act is material only to the credibility and weight to be given to such evidence).
We conclude that the trial court erred in rejecting the applicability of the domestic violence exception in La.Code Evid. art. 404 A(2)(a) and in preventing defense counsel from introducing further support for use of the domestic violence exception that would permit evidence of the allegedly dangerous character of the victim. Furthermore, we cannot say that the guilty verdict "was surely unattributable to the error" of disallowing this opportunity to present evidence of the victim's allegedly dangerous character. Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Since defendant was erroneously deprived of her constitutional right to present a defense, she is entitled to a new trial before a jury that, in weighing the defense of self-defense, will have the benefit of the excluded evidence of the dangerous character of the victim (if the foundation is properly laid.)
Accordingly, the judgment of the court of appeal is set aside, the conviction is reversed, and the case is remanded to the district court for further proceedings.
NOTES
[*] The court of appeal opinion and some other documents refer to defendant as Brenda Rodrique.
[**] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] The forensic pathologist testified that the victim had a blood alcohol level of 0.22 to 0.29 when he died.
[2] Indeed, self-defense is not a plea at all. Self-defense is a defense based on justifiable conduct, in the nature of an affirmative defense, which defeats culpability. La.Rev.Stat. 14:19. Thus an accused through the defense of self-defense may escape responsibility because of justification, even though the prosecutor may prove every essential element of the crime beyond a reasonable doubt.