McCALEB, Chief Justice.
Harwood Eugene Lowe was convicted of armed robbery and sentenced to serve twenty-five years at hard labor in the State Penitentiary. On this appeal he relies on a single bill of exceptions which was reserved when the trial court overruled his motion for a new trial based on the allegation of newly discovered evidence.[1]
Article 851 of the Code of Criminal Procedure provides for the granting of a new trial whenever:
t‘ * *
“(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty; * * * ” (Emphasis ours)
Article 854 states that:
“A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
“(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
if * * ”
It is asserted here that, at the hearing on the motion for a new trial, defense counsel presented to the judge several affidavits of persons which would tend to establish an alibi for appellant as they recite that he was in Beaumont, Texas at the time the *1023 offense was committed. One of the affidavits is physically in the record. The others are not but have been appended to the brief filed by appellant’s counsel in this Court. However, none was made part of the bill of exceptions reserved to the overruling of the motion for a new trial.
Even if, under these circumstances, we can consider the contents of the affidavits, it is clear from them and from the colloquy of the court and counsel at the hearing of the motion that the testimony which the affiants might give was not “newly discovered” evidence within the meaning of the above cited articles. There is no doubt but that appellant himself and his attorney were well aware, prior to and during the trial, of the evidence available from these persons. In fact, defense counsel on oral argument here pointed out that a continuance had been requested because of the absence of the witnesses, but that it was denied. However, the motion was not a formal, written motion which is required by Articles 707 and 709 of the Code of Criminal Procedure. Furthermore, it appears that no objection was made to the denial of a continuance and no bill of exceptions was reserved to the ruling.
We find no error in the trial court’s denial of a new trial.
For the reasons assigned, the conviction and sentence are affirmed.

. During oral argument counsel for appellant stated to the Court that he is not urging on this appeal a second ground presented in the motion, which is founded on the alleged illegality of appellant’s extradition from Texas.