398 So.2d 1019 (1980)
STATE of Louisiana
v.
Roger Daniel BRYAN.
No. 64603.
Supreme Court of Louisiana.
September 3, 1980.
On Rehearing May 18, 1981.
Dissenting Opinion on Rehearing May 19, 1981.
*1020 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Tommy Adkins, Dist. Atty., Dan Grady, III, Asst. Dist. Atty., for plaintiff-appellee.
Bobby Culpepper, Jonesboro, C. Wayne Smith, Ruston, Paul Henry Kidd, Monroe, for defendant-appellant.
PER CURIAM.
On September 21, 1978, the Union Parish Grand Jury indicted defendant Roger Daniel Bryan for the first degree murder of Robert Taylor. La.R.S. 14:30. After a lengthy trial the jury found him guilty as charged, then, in the sentencing phase of the bifurcated proceeding, La.C.Cr.P. Art. 905, recommended a sentence of life imprisonment without benefit of parole, probation or suspension of sentence, which was binding on the trial court. He now appeals on the basis of forty-two assignments of error; of these, we find that only one merits written treatment.
I.
On the evening of September 16, 1978, defendant was to have met with Deputy Sheriff Robert Taylor to post bond on an offense for which he had been indicted. Defendant missed the appointment and Deputy Taylor sought him out at home later that night, in an encounter that ended with the shooting of Taylor. Fatally wounded, the deputy drove a mile down the road and radioed for assistance; before he died, he reported that defendant had shot him, and no more.
What had led up to the shooting was the subject of active controversy at trial. By circumstantial evidence the state attempted to show that defendant had known of his impending arrest and took purposeful measures to resist it, which included barricading himself into his home, and ultimately, killing Deputy Taylor. Defendant and his wife, on the other hand, testified that Taylor had come to the house near midnight while they were asleep, kicked in the back door, dragged defendant from the bedroom by his hair, and beaten him without provocation. The fatal shots, they claimed, had been fired in self-defense.
II.
By assignment of error no. 38, defendant contends that the trial court erred in refusing to hear testimony on alleged newly discovered evidence, relative to the victim's past misconduct, presented in the motion for a new trial.
At trial, defendant indirectly placed Taylor's character at issue by attributing brutality to him in the attempted arrest. On rebuttal the state countered the evidence of abuse by testimony of the Sheriff that Deputy Taylor was a just and temperate man who had never, to the witness' knowledge, mistreated arrestees. In its motion for a new trial, the defense alleged prior threats against defendant, along with several specific instances of police brutality on the part of Taylor or complaints to the Sheriff concerning this deputy. The trial court refused to entertain evidence on these allegations, because it considered them insufficiently material and further concluded that the evidence could have been discovered in advance of trial by the exercise of due diligence. See, La.C.Cr.P. Art. 851(3).
We find that those determinations cannot be made without a close inspection of the evidence offered. Because of the circumstantial nature of the state's case, the verdict must have rested in part upon the jury's incredulity that Taylor would have conducted himself in the manner alleged by the defense. If so, the impact of evidence of Taylor's dangerous character and threats against defendant, see, La.R.S. 15:482, cannot be underestimated. Additionally, if appointed counsel had inadequate resources to conduct a thorough investigation, his failure to uncover the new evidence before trial may be excusable. See, State v. Gilmore, 332 So.2d 789 (La. 1976).
III.
Accordingly, we remand the case for a hearing on the allegations of the motion for a new trial relative to threats and misconduct by Deputy Taylor. We conclude that the remaining allegations of the various motions for a new trial were correctly dismissed and need not be further examined.
*1021 Should the court find the allegations material and their late presentation excusable, it shall order a new trial. The right to appeal from an adverse ruling is reserved to defendant; barring such appeal, the conviction and sentence are affirmed. See, State v. Franklin, 353 So.2d 1315 (La. 1978).
REMANDED.
MARCUS, J., dissents from remand and assigns reasons.
BLANCHE and WATSON, JJ., dissent from remand.
MARCUS, Justice (dissenting).
I consider that the ruling of the trial judge was correct. I dissent from the remand. I would affirm the conviction and sentence.

ON REHEARING
LEMMON, Justice.
We granted a rehearing to reconsider our previous action, in which we summarily ordered this matter remanded to the trial court for an evidentiary hearing on the defendant's motion for a new trial. We now reinstate that order.
Defendant was convicted of first degree murder of a deputy sheriff, Robert Taylor, who was seeking to arrest defendant at the time of the shooting. During the trial the state offered evidence that defendant shot the deputy while defendant was forcibly resisting the deputy's efforts to effect a lawful arrest.[1] The defense evidence, consisting primarily of the testimony of the defendant and his wife, attempted to portray Deputy Taylor's conduct as the unreasonable use of force against the defendant's person, thereby justifying, or at least mitigating, defendant's use of deadly force to repel Taylor's unprovoked and unprivileged assault.[2] See State v. Brown, 313 So.2d 581 (La.1975); State v. Thompson, 366 So.2d 1291 (La.1978).
To rebut this evidence the state presented the testimony of the sheriff for who Taylor had worked as a deputy. The sheriff testified that during Taylor's five years with the department he had never received any complaints about abuse or mistreatment by Taylor or about Taylor's excessive use of force in making an arrest.
After the trial which resulted in defendant's conviction he allegedly discovered that the sheriff's testimony was false. Since the sheriff's testimony probably had a devastating effect on the credibility of defendant's assertions of violent and aggressive behavior by Taylor, defendant moved for a new trial, seeking to present several witnesses who would testify that they had complained to the sheriff about Taylor's brutality in the course of arrests on prior occasions. He also sought to present another witness who *1022 allegedly overheard Taylor say that "he would get the defendant, Roger Bryan, one way or another".
The trial court should have conducted a hearing on the motion for new trial. The motion seeks to present arguably admissible evidence of Taylor's general reputation and/or proclivity for violence. The state had initially placed at issue the question of Taylor's general reputation in this regard, and the evidence sought to be presented at the hearing on the motion for a new trial could have impeached the sheriff's testimony.[3] Fundamental fairness dictates that the trial court hear the evidence and determine whether the newly discovered evidence (1) is admissible, (2) should have been discovered prior to trial by the exercise of reasonable diligence, and (3) probably would have changed the verdict.
We need not decide at this point whether evidence of assaults by Taylor against other persons being arrested would be admissible at a trial on the question of guilt or innocence as a proper method of proving his "dangerous character"[4] or of proving that defendant's apprehension was reasonable.[5] See State v. Green, 335 So.2d 430 (La.1976); State v. Lee, 331 So.2d 455 (La.1976). However, during the hearing on the motion for a new trial the trial court should permit defendant to develop a full record concerning Taylor's unjustified assaultive behavior toward other persons being arrested, the defendant's awareness (if any) of these prior assaults, Taylor's general reputation for violence, and the defendant's awareness of the deputy's general reputation. Whether evidence of Taylor's specific unprovoked acts toward others (if such evidence is in fact available) is admissible to prove that he acted with unprovoked violence on the occasion in question is obviously a difficult question which must be resolved based upon the particular facts of the case being tried, as is always the case when the probative value of evidence must be balanced against its tendency to mislead, confuse and create undue prejudice.[6]
When the record has been completed, the trial court must determine the admissibility of the evidence, the diligence of counsel or lack thereof, and the probable impact of such evidence on the jury (that is, whether the evidence "would probably have changed the verdict"). See C.Cr.P. arts. 851 and 854. That determination, of course, will be subject to review by this court.[7]
Accordingly, the order of this court on original hearing is reinstated, and the matter is remanded in accordance with that order.
MARCUS, J., dissents and assigns reasons.
*1023 BLANCHE, J., dissents with reasons.
WATSON, J., dissents.
MARCUS, Justice (dissenting).
As noted in my dissent on original hearing, I consider that the ruling of the trial judge was correct. Accordingly, I dissent from the remand. I would affirm the conviction and sentence.
BLANCHE, Justice (dissenting).
In my view, this case should not have been remanded for a hearing on defendant's motion for a new trial and I therefore respectfully dissent from the majority opinion for the following reasons.
The trial judge in this case was not required to hold a hearing on defendant's motion for a new trial prior to ruling on that motion. As this Court recently noted in an unpublished portion of the opinion, "The method of hearing motions for a new trial is left to the discretion of the judge, and he need not delay his ruling for the purpose of further hearing or argument if the reading of the motion imparts to him sufficient knowledge to intelligently dispose of the matter." State v. Carpenter, No. 67,558, 390 So.2d 1296, siting State v. Varnado, 154 La. 575, 97 So. 865 (1923). I would reverse our original order remanding defendant's motion for a hearing because the trial judge could, on the face of the pleadings, intelligently rule on that motion. I would further find that the trial judge did not abuse his discretion in his denial of defendant's motion.
This Court remanded the case for a hearing on the particular allegations in defendant's motion for a new trial relative to threats and misconduct by the victim, Deputy Taylor. The pertinent allegations are all found in defendant's First Supplemental Motion for a New Trial. In the first of these allegations, defendant alleges that newly discovered evidence will show that Taylor previously threatened defendant and threatened to get defendant. Assuming this allegation means that Taylor personally made threats to the defendant himself, I find that such evidence was necessarily available to the defendant at trial and is not, therefore, newly discovered evidence. State v. Lowe, 258 La. 1020, 249 So.2d 116 (1971). I would hold that the trial judge did not abuse his discretion in denying defendant's motion for a new trial based on this allegation.
If I consider defendant's allegation to be that the victim did not threaten defendant personally, but conveyed these threats to other individuals, even assuming evidence of these threats is newly discovered, I find that this allegation likewise does not establish a basis for granting a new trial. For the same reasons, and as discussed below, defendant's remaining allegations at issue here do not entitle him to a new trial. Defendant's remaining allegations all concern alleged complaints by particular individuals to the Sheriff of Union Parish or to the F.B.I. about Deputy Taylor's conduct toward defendant or other individuals the victim's alleged misconduct toward certain individuals and evidence that an individual heard Deputy Taylor say that he would "get" the defendant one way or another. Absent a showing that defendant was aware of the above threats or misconduct, this evidence would not have been admissible at trial.
It is settled law that evidence of the victim's dangerous character or of his threats against the accused can be admitted to support a plea of self defense if the defendant first produces evidence of a hostile act or demonstration by the victim against the defendant at the time of the incident. La.R.S. 15:482; State v. Gomez, 365 So.2d 1313 (La.1978), reh. den. 1979. Defendant and his wife did testify at trial to overt acts or hostile demonstrations on the part of the victim against the defendant the night of the shooting. Once this overt act is established, evidence of the victim's dangerous character or threats against the accused can be admitted either to show defendant's reasonable apprehension of danger in order to justify his conduct, or to show who was the aggressor in the conflict. Gomez, supra.
*1024 If defendant seeks to introduce evidence in order to show defendant's reasonable apprehension of danger, he must show that he knew of the victim's prior acts of violence or reputation for violence at the time of the incident. State v. Bernard, 358 So.2d 1268 (La.1978). Defendant makes no allegation in his motion for a new trial that he was aware of Deputy Taylor's alleged prior acts of violence or his reputation for violence. Absent a showing that defendant had such knowledge, the evidence at issue would be inadmissible at trial and could not serve as a basis for granting a new trial. State v. Lovett, 359 So.2d 163 (La.1978). However, even had defendant alleged that he was aware of the alleged prior acts of violence or threats, again, as noted above, this evidence would have been available to the defendant at trial and is necessarily not "newly discovered" by him and would not justify granting a new trial.
If the evidence of Deputy Taylor's conduct would be introduced for the purpose of showing who was the aggressor in the conflict, only evidence of general reputation, not evidence of specific, acts or personal opinion, would be admissible. State v. Bernard, supra. The alleged "newly discovered" evidence in this case dealt with complaints by third persons of specific acts of Deputy Taylor consisting of threats by him toward defendant or of specific acts of his misconduct toward other individuals. This is not the type of general reputation evidence that would be admissible at trial to show who was the aggressor in the conflict. According to State v. Boss, 353 So.2d 241 (La.1977), general reputation evidence must be of the type described in La.R.S. 15:479: "Character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him." In State v. Frentz, 354 So.2d 1007 (La.1978), the Court noted that R.S. 15:479 character evidence is "the opinion (formed on hearsay it is true) by a member of the community exposed over an extended period of time to hearing the discussion (or lack of it) by other members of the community shared by himself and the person whose reputation is at issue." Before such testimony can be elicited, defendant must first lay a foundation to show that the character witness is knowledgable of the victim's reputation for character among his neighbors. State v. George, 346 So.2d 694 (La.1977). Defendant's alleged newly discovered evidence would not have been admissible at trial as general reputation evidence under these principles and, therefore, should not serve as the basis for granting of a new trial.
In oral argument on rehearing before this Court, the state admitted that Sheriff Patterson, who testified at trial, was erroneous in his testimony that he had never received any complaint about Deputy Taylor's conduct. In one of defendant's allegations in his motion for a new trial, defendant stated that the Sheriff had given incorrect testimony to the effect that he had never received complaints about Deputy Taylor. Despite the state's indication that defendant was correct on this issue, this evidence would not justify granting defendant a new trial, even assuming such evidence was newly discovered and could not have been previously discovered with the exercise of due diligence. The sole value of this evidence would be to show either that a complaint was made to the Sheriff about Deputy Taylor's conduct, or to impeach the Sheriff's testimony on this point. As discussed above, evidence of a complaint about the deputy's conduct would not have been admissible at trial and would not justify a new trial. Although this evidence might have been used to impeach the testimony of the Sheriff, the impeachment would be as to a collateral, irrelevant matter (whether particular complaints were made to the Sheriff about the deputy's conduct toward other individuals). This potentially impeaching evidence, even if "new discovered" and not susceptible of earlier discovery with the exercise of due diligence, is not of the sort that is "so material that it ought to produce a different result" from that of the original trial. State v. Bagley, 378 So.2d 1356 (La.1979). Therefore, in my opinion, the trial judge did not abuse his discretion in denying defendant's motion based on this allegation.
*1025 For the above reasons, I would rule that the trial judge did not abuse his discretion in denying defendant's motion for a new trial and could so rule on the allegations at issue without a hearing on that motion. I would reverse our original order remanding defendant's motion for a hearing and affirm the trial judge's ruling.
NOTES
[1] Defendant had previously been arrested for breaking into a cigarette machine and released on bail. After he was indicted, the amount of the bond was raised by $1000, and defendant was notified that he must post additional bail or be taken back into custody. The deputy was killed as he was attempting to take defendant into custody until defendant provided additional security for his release.
[2] According to defendant's version of the events leading to the shooting, Taylor broke into defendant's home around midnight, kicking in the back door and dragging defendant from the bedroom by his hair. Defendant testified that when Taylor began to beat him without provocation, he armed himself with a nearby.22 pistol and shot only to prevent Taylor from continuing the beating.

Although an officer may use reasonable force to effect a lawful arrest, C.Cr.P. art. 220 and R.S. 14:18(2), the officer may not employ unnecessary and unreasonable brutality in arresting. If the officer uses unreasonable force against a person who has submitted peaceably to an arrest, the person being arrested may defend himself. State v. Brown, above. The person may even kill, if necessary to prevent death or great bodily harm. See R.S. 14:20.
Moreover, even if the evidence of the allegedly unprovoked and unprivileged assaultive behavior was not sufficient to establish justification, it was relevant for the purpose of presenting to the jury the theory that defendant was guilty only of manslaughter, by showing that the killing was committed in a "heat of passion" provoked by Taylor's misconduct. See R.S. 14:31(1). See also State v. McAllister, 366 So.2d 1340 (La.1978) and State v. Peterson, 290 So.2d 307 (La.1974), discussing "heat of passion" and "provocation" as mitigating elements in the "nature of a defense".
[3] If the district attorney knew of evidence directly inconsistent with the sheriff's testimony, and if the evidence creates a reasonable doubt not otherwise existing, a new trial will be required. See United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); State v. Sylvester, 388 So.2d 1155 (La. 1980); State v. Toledano, 391 So.2d 817 (La.1980). Even if the existence of evidence were not know to the prosecution, the traditional new trial test of C.Cr.P. arts. 851 and 854 must be applied in light of a developed factual record.
[4] In Louisiana character is not proved by showing specific acts, but rather by showing the person's general reputation for the pertinent character trait. See R.S. 15:479. Compare F.R.Ev. 405(b); State v. Stevenson, 390 So.2d 1292 (La.1980) (Lemmon, J., dissenting).
[5] Evidence of specific threats by a victim of a homicide against the defendant are admissible if "evidence" of a hostile demonstration by the victim has been offered. R.S. 15:482; State v. Green, above; State v. Lee, above. As this court said in State v. Green, above, at 433:

"Evidence of the victim's dangerous character or threats against the accused supports a plea of self-defense because it is relevant to show that the victim was the aggressor and because it is relevant to show that defendant's apprehension of danger was reasonable."
[6] For an excellent discussion of the dimensions and complexity of the problem, see the majority and dissenting opinions of members of this court on original hearing and on rehearing in State v. Lee, above.
[7] Defendant may appeal from an adverse ruling on his motion for a new trial. La.Const. Art. V, § 5 (1974); State v. Simmons, 328 So.2d 149 (La.1976). The state may also seek review of an adverse judgment. See La.Const. Art. V, § 5 (1974); State v. James, 329 So.2d 713 (La. 1976); C.Cr.P. art. 858.