421 So.2d 892 (1982)
STATE of Louisiana
v.
Joseph CAVALIER.
No. 81 KA 2899.
Supreme Court of Louisiana.
October 29, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David Cortes and Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
Wayne E. Garrett, Charbonnet & Charbonnet, for defendant-appellant.
*893 ISRAEL M. AUGUSTINE, Jr., Justice Ad Hoc.
The defendant Joseph Cavalier was indicted by an Orleans Parish Grand Jury with the crime of second degree murder, a violation of L.S.A.-R.S. 14:30.1. On January 22, 1981 he was tried before a twelve person jury which found him guilty as charged. Thereafter, the Court sentenced him to serve life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The defendant now appeals on the basis of three assignments of error. We find no merits in these assignments and therefore affirm the conviction and sentence.
According to the State's witness, Darlene Burger, on the evening of June 11, 1980, Robin Walker (the victim) was briefly talking to the defendant, Joseph Cavalier, in the alley by Cavalier's home on Second and Derbigny Streets, asking him the whereabouts of Paulette Joseph. Finishing the conversation, Walker came out of the alley and happened upon Ms. Joseph. As he walked over to her, Cavalier returned home. The conversation between Paulette Joseph and Walker was apparently a friendly one which lasted only a few minutes.
Later that evening, Walker complained to Ms. Burger that he was feeling bad and wanted to leave Doc's Bar, located in the 3000 block of Second Street. Ms. Burger testified that she went into the bar to get their friends and when she returned outside, Joseph Cavalier came out of the alley on Derbigny and crossed the street to approach Robin Walker, who was sitting on the curb outside the bar. Cavalier initiated a verbally abusive encounter in which he demanded to know whether Walker had seen Paulette. Walker got up, started across the street and said he had already spoken to Ms. Joseph. Cavalier then asked if Walker was "trying to get smart." Walker replied, "no." Before Walker could say or do anything else, Cavalier pulled his gun and fired, striking him once in the chest.
The defense witnesses, however, testified that Walker, unprompted, began to cross the street toward Cavalier. As Walker was approaching, they said, he reached in the back of his waistband. In the next instant, Cavalier drew his pistol and shot Walker. Defense witnesses indicated that after the shooting, a gun which allegedly belonged to Walker was removed from his body by one of his cousins. All of the State's witnesses, however, testified that at no time did Robin Walker have a gun, and that in fact, he did not own one.
Because each of the assignments raised by this appeal concerns the admissibility of alleged threats by the victim against the defendant, we shall treat all of these assignments together.
Defense counsel argues that the trial court erred by:
(1) not permitting defense counsel to explore the conversation between Robin Walker and Paulette Joseph, approximately one hour before Walker was shot;
(2) not permitting defense counsel to question Tyronne Joseph concerning possible threats on Joseph Cavalier's life made by Robin Walker;
(3) not permitting defense counsel to interrogate Paulette Joseph about being hit in the head with a gun by Robin Walker;
(4) not compelling the State to disclose exculpatory evidence;
(5) restricting the use of Paulette Joseph's written statement to police officers concerning the shooting.
Defendant claims that the testimony regarding threats made by Robin Walker to Joseph Cavalier would have demonstrated the dangerous nature of the victim, thus supporting the theory of self-defense. Evidence of prior threats made by the victim is relevant in a case where the plea of self defense has been raised to show that the
* Judge Israel M. Augustine, Jr. and Judge Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, and Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Justices Calogero, Dennis, Watson and Lemmon. *894 victim was the aggressor and that defendant's apprehension of danger was reasonable. State v. Ford, 368 So.2d 1074 (La. 1979).
However, under L.S.A.-R.S. 15:482,[1] the defendant must present appreciable evidence of an overt act or hostile demonstration by the victim before evidence of dangerous character can be admitted. "Overt act" in this context means any act of the victim which manifests in the mind of a reasonable person a present intention on his part to kill or do great bodily harm. State v. King, 347 So.2d 1108 (La. 1977). Moreover, this overt act by the decedent must have been made against the defendant at the time of the incident. State v. Ford, supra ; State v. Lee, 331 So.2d 455 (La.1976).
We find that even if we were to construe the testimony in a light most favorable to the defendant, there has been no showing of an overt hostile act on the part of the victim toward the defendant. The testimony of defense witness Tyronne Joseph revealed that just before the shooting, the victim was sitting by himself on the sidewalk in front of Doc's Bar, across the street from the defendant. Walker, without provocation, got up and started to walk across the street. As he approached Cavalier, Walker reached behind him and was shot before he could make any other moves. Joseph demonstrated to the jury Walker's actions, indicating that his hands were down by his side and showing the movement his hand made toward his back. Joseph stated that Walker made no other motion before he was shot, and it seemed to him that Walker was going to pass them on the sidewalk, but he was not certain. Paulette Joseph, Joseph Cavalier's girlfriend, gave the same account, adding only that she did not see Walker with a gun when he was shot.
All the defense witnesses testified that no hostile words were exchanged between the victim and the defendant immediately prior to the shooting. Each witness (including State's witnesses) indicated that the conversation which occurred between the victim and the defendant approximately one hour before the shooting had the appearance of a brief, casual encounter without any aggression by either party. Thus, the defendant's witnesses failed to show any type of aggression or hostile act by the victim, other than his acts of simply walking across the street and reaching behind his back. We find that the actions by the victim do not constitute appreciable evidence of an overt hostile act so as to create in the mind of the defendant a reasonable belief of the victim's present intention to kill or do great bodily harm.
The defendant's reliance on State v. King,supra, is misplaced. The principle established by that case is that a trial judge may not infringe on the jury's function as a fact finder by weighing the credibility of the defendant's claim of an overtly hostile act. In the present case, there was no usurpation of the jury's function by the trial judge, for it has been shown that, accepting the defendant's witnesses as eminently credible, there has been no showing of an overt hostile act on the part of Robin Walker. Therefore, the trial court did not err in refusing to admit testimony of prior threats by the victim against the defendant.
The defendant further argues that the trial court erred in not compelling the State to disclose exculpatory evidence. The defendant asserts that an altercation occurred nearly a week to ten days prior to the shooting when the door to Mr. Cavalier's residence was kicked in and a bullet was left with the message: "Tell Mr. Cavalier this is for him." The incident was reported to the New Orleans Police Department. Cavalier sought to obtain a copy of the complaint in items 3 and 4 of the bill of *895 particulars.[2] The defendant argues that the very fact of the complaint tends to confirm the before-mentioned altercation between Walker and the defendant, and is therefore exculpatory because it supports Cavalier's theory of self defense.
It is well settled that the state may not suppress evidence that is favorable to the defendant and material to guilt or punishment when the evidence has been requested by the defendant. Brady v. Maryland 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Vaccaro, 411 So.2d 415 (La.1982). The record does not contain the answers to the motion which were supplied orally. Apparently, the State responded to questions three and four by telling the trial court that the information sought was not in its possession and it had no knowledge of the complaint. The trial judge, satisfied that the state did not have the requested information, held that if the state did not possess it, it could not be compelled to produce it.
Moreover, even if the State had obtained the alleged complaint and failed to notify the defendant, the nondisclosure of it does not constitute reversible error in this case. We have determined that no overt act occurred which would have been the foundation for admitting evidence of prior threats. The information which the defendant sought to obtain is exculpatory only because it is evidence of prior threats which would show that the victim was the aggressor. Therefore, the defendant's exculpatory evidence would not have been admissible and the failure of the trial court to order the State to find the complaint and produce it did not constitute reversible error.
Finally, during the course of the trial the state sought to impeach Paulette Joseph by the use of her prior written statements to police officers concerning this incident. On redirect examination, defendant sought to introduce the statement in its entirety, including those parts in which Joseph had alleged that Walker made prior threats. The trial judge did not allow the defense to introduce the statements because a predicate of an overt hostile act by the victim had not been shown. As we have already stated, that finding was correct. Therefore, the trial court did not err in limiting the use of the written statement to admit those portions which corroborated Ms. Joseph's oral testimony.
For the reasons assigned the conviction and sentence are affirmed.
NOTES
[1] § 482. Restriction on use of evidence of threats or dangerous character of party injured.

In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.
[2] 3) Please state if any investigation was made of said victim at request of defendant the week prior to said shooting; if so, state the police item number and indicate whether you would furnish a copy of said report herewith;

4) Please state whether any weapon was recovered;