LEMMON, justice.
This is an appeal from a conviction of second degree murder.
During a senseless argument over two television sets that defendant had sold to Frank Thomas, defendant shot and killed Thomas. The defense was that defendant had fired in self defense as Thomas was chambering a round in an automatic pistol. There were no witnesses to the actual shooting.
After the shooting, defendant fled. He destroyed and disposed of the shotgun before leaving for Wisconsin, where he was eventually apprehended. He gave a statement to the police, describing a killing in self-defense.
Testifying for the prosecution at the trial, Lynn Armstrong stated that she, Thomas *1158 and two other persons were sitting on the porch of an apartment, when defendant walked up and began arguing with Thomas about the television sets. Thomas walked off, followed by defendant. A few minutes •later, Miss Armstrong heard a shot and found Thomas lying on the ground. She did not see either man display a weapon and did not see the shooting.
After hearing the evidence, the jury rejected defendant’s plea of self-defense and found him guilty as charged. He was subsequently sentenced to life imprisonment.
On appeal, defendant contends that the trial court erred (1) in failing to permit him to testify concerning the details of various acts of violence committed by the decedent against others about ten years prior to the homicide and (2) in overruling his objection to a comment by the prosecutor in closing argument to the effect that Miss Armstrong’s pretrial statement was substantially consistent with her trial testimony. Although both rulings were arguably erroneous, neither requires reversal of defendant’s conviction under the circumstances of this case.
After defendant testified that Thomas committed various described hostile acts, including his drawing of a pistol immediately preceding the killing, defendant and other witnesses were allowed to describe in detail various prior occasions on which Thomas displayed a propensity for hostile, threatening and aggressive behavior. When defendant testified that Thomas robbed and shot several people in the “early seventies”, the trial court sustained a prosecution objection based on the remoteness of those incidents. Although defendant was not permitted to testify as to the details of those alleged incidents, the trial court did not admonish the jury to disregard them.[1]
Moreover, even if defendant should have been permitted to testify concerning the details of the victim’s aggressive acts against others, their inclusion would not have significantly added to the already extensive defense portrayal of the victim’s “dangerous character”.[2] The critical issue obviously was defendant’s credibility when he said the victim “drew first”.[3] Had the trial court determined that defendant’s awareness of the earlier incident tended to establish the reasonableness of his apprehension, the remoteness of the incident should only have affected the weight and not the admissibility of the evidence.[4] See State v. Thibeaux, 366 So.2d 1314 (La.1978). Nevertheless, defendant was afforded ample opportunity to prove the victim’s “dangerous character” and his prior threats against defendant himself, as well as the fact that the victim frequently carried a *1159 weapon.[5] The ruling complained of, even if erroneous, was not sufficiently prejudicial to require reversal. See La.C.Cr.P. Art. 921; State v. Gibson, 391 So.2d 421 (La.1980).
Defendant’s other contention, regarding the prosecutor’s improper comment during closing argument on part of Miss Armstrong’s statement that was not in evidence, similarly lacks reversible merit.
As stated earlier, Miss Armstrong’s testimony on direct examination described the events immediately preceding the shooting. During cross-examination, defense counsel questioned her about drug use (which she denied) and had her display what a police officer later described as “track marks” on her arms. Defense counsel also pointed out that, in her initial statement to investigating officers, she failed to mention that Thomas was seated with her and others when defendant approached. In that statement, she indicated that she had first seen defendant immediately prior to the shooting, walking behind Thomas and arguing with him. When confronted with the prior statement, she denied saying to officers that she first saw the two men as they walked past her.
During closing argument, the prosecutor made a brief comment to the effect that other portions of her pretrial statement were consistent with her trial testimony (which itself was inconclusive on the crucial issue of whether. Thomas was in the act of pulling a pistol when defendant shot him). Although improper, the comment was not sufficiently prejudicial to the accused to require reversal.[6] La.C.Cr.P. Art. 921.
It was obvious from the evidence that part of Miss Armstrong’s pretrial statement was consistent, and part was not consistent, with her somewhat confusing trial testimony. Thus, the prosecutor’s comments were not of such a nature that they would have been likely to have influenced the jury or to have contributed to the verdict. See State v. Dupre, 408 So.2d 1229 (La.1982).
Accordingly, defendant’s conviction and sentence are affirmed.

. Under the circumstances, defendant was entitled to introduce evidence of the victim’s “dangerous character” and prior threats against defendant. La.R.S. 15:482. Whether defendant was entitled to introduce evidence of specific hostile acts (of which defendant had knowledge) for the purpose of showing the reasonableness of defendant’s apprehension of being killed or seriously injured is not before us. See State v. Bryan, 398 So.2d 1019 (La.1981). No effort was made to show or to determine whether the incidents in the “early seventies” were known to defendant at the time of the shooting or were otherwise relevant to prove “reasonableness of apprehension”. See La. R.S. 14:20 (justifiable homicide). However, because of defendant’s otherwise full-blown opportunity to go into great detail in attacking the decedent’s character, defendant’s contention does not require reversal.

. The specific acts of aggression against others would not have been admissible to prove the likelihood that the decedent did “draw first’’, but rather would be admissible only to prove the reasonableness of the accused’s apprehension. See State v. Bryan, 398 So.2d 1019 (La.1981). Character may only be proved by testimony regarding general reputation. La.R.S. 15:479; State v. Boss, 353 So.2d 241 (La.1977); State v. Bernard, 358 So.2d 1268 (La.1978); State v. Fontenot, 50 La.Ann. 537, 23 So. 634 (1898). However, specific hostile acts against others may be offered under some circumstances to prove reasonableness of apprehension. See State v. Bryan, above.

. Evidence of “dangerous character” is admissible to show reasonableness of defendant’s apprehension (if defendant’s awareness is shown), as well as to show that the victim was the first aggressor. See State v. Lee, 331 So.2d 455 (La.1976). State v. Green, 335 So.2d 430 (La.1976); State v. Bryan, above.

. See La.R.S. 14:20(1).

. Defendant, his mother and his girlfriend testified about specific threats by Thomas on defendant’s life. Defendant’s girlfriend also testified about Thomas’ possession of a gun outside defendant’s house several months before the homicide. Three police officers testified that Thomas was armed when they contacted him on prior occasions.

. The prosecutor is not permitted to offer evidence of a prior consistent statement, except to rebut an inference of recent fabrication or bias (where the event producing the “bias” occurred between the first statement and the trial testimony). La.R.S. 15:497. Furthermore, a prosecutor is never permitted to argue facts not in evidence. See State v. Hamilton, 356 So.2d 1360 (La.1978); La.C.Cr.P. Art. 774.