432 So.2d 369 (1983)
STATE of Louisiana
v.
Theodis COLLINS.
No. 82 KA 1091.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*370 Ossie B. Brown, Dist. Atty. by Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
James Zito, Baton Rouge, for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
The defendant, Theodis Collins, was charged with attempted second degree murder of his estranged wife, Eve Collins, in violation of La.R.S. 14:27 and 30.1. After a trial by jury, he was found guilty of the responsive verdict of aggravated battery[1] as defined in La.R.S. 14:34. He was subsequently sentenced to serve eight years in the custody of the Louisiana Department of Corrections. Pursuant to La.C.Cr.P. art. 893.1, this sentence was ordered to be served without benefit of probation or parole.[2] Pursuant to La.R.S. 14:95.2, the defendant received an additional sentence of two years confinement with the Department of Corrections without benefit of parole, probation or credit for good time, to run consecutively to the eight year sentence.

ACTS OF VIOLENCE BY VICTIM TOWARD DEFENDANT
The victim, Eve Collins, testified that on February 3, 1981, at approximately 9:30 P.M., she was awakened by Theodis Collins knocking on her door. Mr. Collins wanted to visit with his children who were in the custody of and living with Mrs. Collins. After Mr. Collins visited with the children for a while, he commenced a unilateral argument with Mrs. Collins in her bedroom. Mrs. Collins was unarmed and was walking toward Mr. Collins when he pulled a pistol and shot her five times. Mrs. Collins did not have a gun, did not get her hands on Mr. Collins' gun, and did not shoot Mr. *371 Collins. Because of her wounds, she was placed in intensive care and subsequently received two operations. She was still receiving medical treatment at the time of the trial on July 14, 1982.
Theodis Collins testified that on February 3, 1981, he went to the home of his estranged wife to bring a go-cart to his children. After visiting with the children for a while, he saw his wife coming from the direction of his truck. He had a loaded .38 caliber pistol in his truck and he went to check the truck to see if the gun was still there, and it was. He then took possession of the gun to keep his wife from getting it because she had taken one of his guns previously and used it at him. After further visiting with the children, he went to Mrs. Collins' bedroom where she started a unilateral argument with him. He had his jacket in his hand and the gun was in the jacket pocket. He took the gun out and held it by his side. Mrs. Collins grabbed the gun and pointed it at him. Mr. Collins grabbed her arm and the gun discharged and shot him. The gun then fell to the floor and he picked it up. Mrs. Collins advanced toward him and he shot her. Mr. Collins was shot twice through the left chest, his left lung collapsed and he had five broken ribs. He was hospitalized for his wounds.
During his testimony, Theodis Collins attempted to present evidence of three prior incidents when Eve Collins committed violent acts towards him.[3] On January 9, 1979, he contended that Eve Collins took his .22 caliber magnum pistol and shot at him, and shot the windshield of his vehicle. As a result of this incident, she pled guilty to illegal discharge of a firearm on July 23, 1979, and apparently received a conditional discharge pursuant to La.C.Cr.P. art. 894(B). Approximately six months after the first incident, Eve Collins broke the windshield of Theodis Collins' van with a brick. Toward the end of 1979, Eve Collins scalded Theodis Collins with some hot grits.
The trial court sustained the state's objection to the introduction of this evidence before the jury with the following ruling:
I'm going to sustain the objection as being not relevant to the matter before the court from the evidence I've heard at this point.
Evidence of a victim's dangerous character or threats against an accused are relevant to a plea of self-defense (La.R.S. 14:19 and 20) for two purposes: (1) to show the defendant's reasonable apprehension of danger which would justify his conduct, and (2) to show that the victim was the aggressor (La.R.S. 14:21). State v. Jackson, 419 So.2d 425 (La.1982). A condition precedent to the introduction of such evidence is that the defendant must present appreciable evidence of a hostile demonstration or overt act on the part of the victim. La.R.S. 15:482 provides as follows:
In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.
An overt act is any act of the victim which manifests in the mind of a reasonable person a present intention on his part to kill or do great bodily harm. The overt act by the victim must have been made against the defendant at the time of the incident. State v. Cavalier, 421 So.2d 892 (La.1982).
A majority of the Louisiana Supreme Court has held that the credibility of a defense witness is not at issue when the trial court determines if there is appreciable evidence of an overt act. The trial court must accept as true the facts contained in the defendant's evidence because to do otherwise would infringe on the fact finding function of the jury. The issue for the trial court to determine is whether or not the facts contained in the testimony of the defendant's witnesses (which are assumed to be true) show appreciable evidence of an overt act. State v. Edwards, 420 So.2d 663 (La.1982); Jackson, 419 So.2d at 427; State *372 v. King, 347 So.2d 1108 (La.1977). cf. State v. Chaisson, 425 So.2d 745 (La.1983).[4]
The defendant testified that the victim grabbed the gun from him, pointed the gun at him, and he was shot after he grabbed the victim's arm. This was appreciable evidence of overt acts and the defendant was entitled to present evidence of prior threats and violent acts of the victim to the jury.
The argument by the state that the three incidents occurring in 1979 are too remote to be relevant to the instant offense committed in 1981 cannot prevail. The remoteness of prior incidents of violence by the victim toward the defendant only affects the weight of the evidence and not its admissibility. State v. Pierce, 422 So.2d 1157 (La.1982); State v. Thibeaux, 366 So.2d 1314 (La.1978).
Since we find merit to this assignment of error, we must reverse the conviction and sentence of the defendant because he was erroneously denied the right to introduce admissible evidence in support of his claim of self-defense.

CONCLUSION
For the foregoing reasons, the conviction and sentence of the defendant are reversed and vacated and this case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] La.C.Cr.P. art. 814(A)(4).
[2] The offense in this case occurred on February 3, 1981. La.C.Cr.P. art. 893.1 was added to the law by Act 139 of 1981 which provided it only applied to offenses committed on or after its effective date of September 11, 1981.
[3] A hearing on this evidence was held out of the presence of the jury. The defendant's version of the events was presented to the jury prior to this hearing.
[4] We are obligated to follow these holdings of the Louisiana Supreme Court, even though they may conflict with our own views. Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir. 1982), writ denied 421 So.2d 1124 (La.1982).