ON REHEARING
hPEATROSS, J.,
On Rehearing.
On a three to two vote, we granted Defendant’s application for rehearing to review the denial of his motion for new trial on the grounds of newly discovered evidence which, Defendant argues, completely destroys the credibility of Ms. Kamperman’s testimony at trial and, had it been presented to the trier of fact, would probably have changed the verdict of guilty. The newly discovered evidence consists of the testimony of Ms. Kamper-man, in her civil deposition and statements made by her, through her civil counsel, in her amended petition, motion for summary judgment and memorandum in support thereof (hereinafter collectively referred to as “civil suit documents”), filed in the subsequent civil suit against Defendant arising out of the shooting incident. Without the benefit of the testimony of Ms. Kamperman regarding her statements in the civil suit documents, the trial court denied Defendant’s motion for new trial, noting that while it acknowledged concerns regarding Ms. Kamperman’s credibility, “[t]he fact that she has now gone to Civil Court does not change the Court’s position about her credibility nor changes in any way the weight that the Court would have given her testimony at trial.” A panel of this court affirmed Defendant’s conviction, with one judge dissenting. State v. Cherry, 32,141 (La.App.2d Cir.9/22/99), 752 So.2d at 894. For the reasons set forth below, which are more fully discussed in the dissent, we reverse our prior decision in this case and remand for an evidentiary hearing on Defendant’s motion for new trial.
In State v. Cavalier, 96-3052 (La.10/31/97), 701 So.2d 949, the supreme court was confronted with a situation similar to the instant case. In addressing the defendant’s motion for new trial, the supreme court explained:
Newly discovered evidence affecting only a witness’s credibility “ordinarily will not support a motion for a new trial, because new evidence which is ‘merely cumulative or impeaching’ is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial.” Nevertheless, the *908 court possesses the discretion to grant a new trial when the witness’s testimony is |gessentially uncorroborated and dis-positive of the question of guilt or innocence and it “appears that had the impeaching evidence been introduced, it is likely that the jury would have reached a different result.” In making this determination, the court may assume that the jury “would have known that [the witness] had lied about the matter[.]” (Internal citations omitted.)
Being satisfied that the newly discovered evidence was “sufficiently probative” of the victim’s credibility to warrant a rehearing on the defendant’s motion for new trial, the court in Cavalier remanded for an evidentiary hearing on the motion.
In the case sub judice, we find that the verdict of guilty must have been based in large part on the testimony of Ms. Kam-perman regarding Defendant’s alleged intent to shoot her. In light of the fact that Ms. Kamperman and Defendant were the only two present at the time of the shooting, we cannot underestimate the significance of her testimony as to the events of that afternoon. We further find that the newly discovered evidence in Ms. Kamperman’s subsequent civil suit documents is not only “sufficiently probative” of Ms. Kamperman’s credibility to warrant a rehearing on Defendant’s motion for new trial, but also bears directly on the element of intent on the part of Defendant. We believe it is necessary for the trial court to consider the impeaching evidence in the civil suit documents, but also to hear the testimony of Ms. Kamperman in order to determine the inconsistencies of her testimony at the criminal trial and the evidence filed in her civil suit. We find, therefore, as did the court in Cavalier, that such determination is for the trial court in the first instance. Cavalier, supra; State v. Bryan, 398 So.2d 1019 (La.1980).
Under the proper standard for ruling on the motion for new trial, the trial court must determine not just whether the State’s evidence, despite the contradictions and discrepancies, was sufficient to support the conviction against a challenge to sufficiency under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), but, also, whether the evidence presented at trial appears strong enough to support a conclusion that the newly discovered evidence probably would not have changed the verdict when one considers the newly discovered evidence that would be presented at a new trial. Cavalier, supra. In other words, the trial court must determine whether the testimony of Ms. Kamperman regarding the negligence of Defendant, as described in her civil suit documents, which is contradictory to her testimony at the criminal trial that Defendant intentionally shot her, would probably have changed the result of the trial.
Accordingly, we reverse our prior decision in this case and remand for an eviden-tiary hearing on the allegations of the motion for new trial.
REVERSED AND REMANDED FOR EVIDENTIARY HEARING ON DEFENDANT’S MOTION FOR NEW TRIAL.
STEWART and CARAWAY, JJ., dissent for reasons in the original opinion.