623 So.2d 200 (1993)
STATE of Louisiana, Appellee,
v.
Anthony WILSON, Appellant.
No. 25118-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
*201 Indigent Defender Office by Richard E. Hiller, John M. Lawrence, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Daniel R. Keele, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before SEXTON, NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Anthony Wilson, was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967. After trial by jury, defendant was found guilty as charged. Subsequently, he was charged and convicted as a second felony offender. Defendant was sentenced to serve five years at hard labor, to be served consecutively with any other sentence imposed. In this appeal, defendant challenges the sufficiency of the evidence to convict him of possession of cocaine, and the excessiveness of his sentence. We affirm.

FACTS
On February 23, 1992, Officer Mark Davis of the Shreveport Police Department was on patrol in a marked police unit in the Cedar Grove area of Shreveport, Louisiana. The police officer noticed the defendant, Anthony Wilson, standing on a sidewalk near Cliff Street. When the defendant saw the police unit, he immediately turned and began walking away from the unit and up the street toward the Central Street Apartments. The officer followed the defendant in the patrol car. When the defendant reached the entrance to the apartment complex, Officer Davis saw him throw a small blue package on the ground near the fence which encircles the complex.
Officer Davis retrieved the package, which was determined to be a plastic bag containing seven packets of crack cocaine. By this time, the defendant had disappeared into the apartment complex and could not be located. He was arrested on the following weekend and charged with possession of cocaine.

DISCUSSION

Sufficiency of the Evidence
By this assignment, defendant contends the evidence did not support the jury's verdict of possession of cocaine. He maintains that the evidence was insufficient to support the jury's conclusion that he was the person who the officer saw commit the offense.
The criteria for evaluating the sufficiency of the evidence are whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-La. Const., Art. 5, § 5(C); State v. Williams, 448 So.2d 753 *202 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986); State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984), writ denied, 462 So.2d 189 (La.1984).
The arresting officer, Mark Davis, testified that he had seen the defendant several different times in the same neighborhood and had even questioned him on two occasions. On the date of the instant offense, the officer stated he was on patrol when he noticed the defendant walking away from the patrol car while nervously looking over his shoulder. The officer's suspicions having been aroused, he followed the defendant in his patrol car. The officer saw the defendant throw a small blue object to the ground and disappear into an apartment complex. Upon examination of the object, the officer found several packets of a substance which he believed to be, and which later was proved to be, crack cocaine.
Although the officer was unable to apprehend the defendant at that time, he stated that he could positively identify the individual and had no doubt that he arrested the same individual on the following weekend. One witness' testimony that he observed the defendant commit the crime is sufficient identification. State v. Price, 325 So.2d 780 (La.1976).
The officer's positive identification of the defendant as the man he had seen throw the package of cocaine to the ground was sufficient to justify the jury's conclusion that the defendant was in fact the same man the officer had seen commit the offense. When viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found beyond a reasonable doubt that the defendant was guilty of possession of cocaine in violation of LSA-R.S. 40:967. This assignment lacks merit.

Excessive Sentence
In his other assignment of error, defendant contends his sentence of five years at hard labor to run consecutive to the other sentences imposed is excessive.[1]
Defendant argues that while the five-year consecutive sentence may not be considered excessive when viewed alone, it is excessive when coupled with the two other sentences he received. He asserts that the sentences should have been imposed to run concurrently. Defendant relies on Section 215 of the Louisiana Sentencing Guidelines and LSA-C.Cr.P. Art. 883 to support this argument.
The Louisiana Sentencing Guidelines, Section 215 suggests that concurrent sentences should be imposed if two or more criminal acts constitute part of a common scheme.
Further, Louisiana Code of Criminal Procedure Article 883 provides that when two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La. 1988).
However, the three offenses for which the defendant was sentenced are not part of a common scheme. The contempt of court violation was unrelated to the possession of cocaine offense, rather than part of a common scheme. As unrelated convictions, the sentences were properly ordered to be served consecutively. LSA-C.Cr.P. Art. 883. See also State v. Bullock, 576 So.2d 453 (La.1991). Although the defendant's previous *203 conviction for the possession of cocaine is a violation of the same law upon which his current conviction is based, it is an unrelated conviction and cannot be considered part of a common scheme.
Further, when a defendant who is on probation is convicted of a felony, the previous sentence shall run consecutively with the sentence for the new conviction. LSA-C.Cr.P. Art. 901(C). The trial court properly ordered the instant sentence to run consecutively with the previous three-year sentence that was reinstated as a result of the revocation of defendant's probation.
The Louisiana Sentencing Guidelines provide that when consecutive sentences are imposed for two or more offenses, the trial court shall state for the record the factors considered and the reasons for imposing a consecutive sentence. La.S.G. § 215; State v. Green, 614 So.2d 758 (La.App. 2d Cir. 1993); State v. Norrell, 614 So.2d 755 (La. App. 2d Cir.1993).
The purpose of the sentencing guidelines is to recommend a uniform sanctioning system. La.S.G. § 101(A). The guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines. La.S.G. § 103(J); LSA-C.Cr.P. Art. 894.1; LSA-R.S. 15:328(B); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992); State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992).
Although the trial court did not specifically articulate reasons for ordering the sentence to be served consecutively with the other sentences, the record amply supports this decision. As mentioned above, the three-year sentence reinstated due to defendant's probation revocation is required to run consecutively with the sentence for the new conviction. LSA-C.Cr.P. Art. 901. Further, the offense of contempt was clearly a separate offense and not part of a common scheme or plan.
Defendant also argues that under the Louisiana Sentencing Guidelines, he was subject to a two and one-half to ten-year range of incarceration, with the minimum sentence being preferred.
Defendant was sentenced as a habitual offender under LSA-R.S. 15:529.1. The sentencing guidelines provide for sentencing in a habitual offender setting in La.S.G. § 309. This section states in pertinent part:
Any person who has been convicted of a felony and adjudged an habitual offender shall receive an enhanced penalty as provided by R.S. 15:529.1, the Habitual Offender Law. In such cases, the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.
The trial court noted that the sentencing range was from two and one-half to ten years based on defendant's habitual offender status. It further noted that the sentencing guidelines recommended the imposition of the minimum sentence provided by law when the defendant's grid cell fell within the enhanced penalty range. The trial court then stated that he was deviating from the sentencing guidelines because he found the defendant's case to be atypical.
Upward departures from the designated sentence range of the guidelines grid should be made when one or more aggravating circumstances significantly differentiate the particular case from the "typical." La. S.G. § 209A3; State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992). The guidelines provide a listing of aggravating circumstances which, when present to a significant degree, differentiate the typical case from a more serious offense. La.S.G. § 209B. Upon finding one or more of these aggravating circumstances, the grid range for a "typical" case is inapplicable. Strother, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988); writ denied, 521 So.2d 1143 (La. *204 (1998;) State v. Madison, 535 So.2d 1024 (La. App. 2d Cir.1988).
In the instant case, the trial court stated ample reasons for its refusal to impose the minimum sentence as recommended by the sentencing guidelines. The trial court stated that the defendant was a second felony offender and that his prior conviction was for the offense of possession of cocaine. The trial judge determined from the presentence investigation report that the present offense occurred less than a year after he had placed the defendant on probation for the previous drug offense. The trial court further noted that the defendant failed to comply with the conditions of his probation for the previous conviction. The judge specifically mentioned defendant's failure to report to his probation officer and to complete his community service. It also noted that the defendant failed to cooperate with the court or his attorney, which resulted in a contempt of court adjudication during the proceedings for the instant offense.
Whether the sentences are too severe depends on the circumstances of each case and of that defendant. A sentence violates LSA-Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is purposeless or needless. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
In excessive sentence assignments, we recognize the wide discretion of the trial court and require that a manifest abuse of that discretion be demonstrated before setting aside a sentence. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
Here, we find that the trial court is in compliance with the requirements of the Sentencing Guidelines. Further, we find no abuse of the trial court's discretion in the imposition of this sentence for the defendant. We conclude the sentence is not excessive.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] As stated above, defendant's probation was revoked and his three-year sentence was reinstated. He also received a three-month jail sentence for contempt of court. These sentences are not properly before this Court for review on appeal. They are reviewable only under applications for writ of review. LSA-C.Cr.P. Art. 912.1.