JiBROWN, Judge.
Defendant, Peggy Norris, pled guilty to simple burglary (LSA-R.S. 14:62). She was sentenced to three years at hard labor. This appeal follows a denial of her oral motion to reconsider and argues that the sentence is excessive. We amend to give credit for time served and as amended, affirm.
FACTS
Caldwell Parish sheriffs deputies questioned Billy Joe Frith in connection with several area burglaries. During questioning, Frith implicated defendant, Peggy Norris. Defendant was subsequently questioned by sheriffs deputies at which time she admitted taking various household appliances, furnishings and personal items from a Caldwell Parish residence. This burglary was one of several committed by defendant and Frith in four different parishes during a five-month period in the autumn of 1991. In May 1992, defendant was charged with a simple burglary occurring in Caldwell Parish on September 27, 1991. In subsequent negotiations with the district attorney’s office, defendant agreed to testify against Frith and in return, she was not charged with other burglaries allegedly committed in Caldwell Parish. Defendant pled guilty in January 1994 and was sentenced in March 1994.
The trial judge considered defendant’s age, familial history, education, substance abuse and criminal history before imposing a three-year hard labor sentence. Defendant made an oral motion to reconsider which was denied by the trial judge. This appeal followed wherein defendant argues that her sentence is excessive.
DISCUSSION

Excessive Sentence

To challenge a sentence on appeal, a defendant must first file in the trial court a particularized motion to reconsider. LSA-C.Cr.P.Art. 881.1. However, |2to preserve a claim of constitutional excessiveness, defendant need only allege that the sentence is excessive. The right of appellate review of a sentence is not lost even if defendant does not state any specific ground for excessiveness or present any argument or evidence not previously considered by the trial court. Rather, defendant is relegated to having the appellate court consider the bare claim of excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
Whether the sentence imposed is excessive depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is so grossly out of proportion to the seriousness of the crime that it offends the community's sense of justice or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Hogan, 480 So.2d 288 (La.1985); State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993); State v. Wilson, 623 So.2d 200 (La.App. 2d Cir.1993). The trial judge has the primary responsibility for determining whether a sentence is constitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). Absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Gibson, supra; State v. Grissom, 624 So.2d 476 (La.App. 2d Cir.1993); State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993).
The crime for which defendant was convicted was part of a pattern and practice of criminal activity that spanned several months and resulted in two other simple burglary convictions in Ouachita and Union Parishes. We note, however, that in 1992 and 1993, defendant received suspended sentences on these other convictions. Thus, defendant was on probation, for similar acts occurring during this five-month crime spree, from February 1992 until her sentence in the present ease in March 1994.
*162 ^Defendant was a 36-year-old drug addict at the time of the crime and received substantial benefits in that other burglary charges in Caldwell Parish were not filed in exchange for her guilty plea. Defendant’s sentence is within the twelve year statutory maximum sentence provided by LSA-R.S. 14:62 and does not reflect an abuse of discretion by the sentencing judge. Finally, we note that although the Felony Sentencing Guidelines allow for probation, the sentence imposed is some thirty months less than the minimum recommended by these guidelines (66-84 months). In light of the foregoing, we conclude that defendant’s sentence is not constitutionally excessive.
The fact that two other trial courts in Ouachita and Union Parishes chose to suspend defendant’s sentence is not determinative. The trial court in Caldwell Parish has the discretion to impose a term it deems proper under the circumstances occurring in Caldwell Parish.
Although not raised by defendant, the record does not reflect that the trial court considered the Felony Sentencing Guidelines. A trial judge must consider the guidelines, but has complete discretion to reject them and impose any sentence within the statutory range which is not constitutionally excessive. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237.
In the subject case, the trial court clearly articulated its factual findings and reasons for the sentence imposed. The sentence is within the range prescribed by statute, is not constitutionally excessive and is less than the sentence recommended by the guidelines (although not suspended). Under these circumstances, defendant has hardly been prejudiced by the trial court’s failure to allude to the guidelines and we see no reason to remand for this oversight.
1 ¿Errors Patent
An error patent review conducted pursuant to LSA-C.Cr.P. 920(2) disclosed two errors. The trial court erroneously instructed defendant that she had three years from the date of sentencing to file for post-conviction relief. The three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse or remand for resen-tencing.
The pre-sentencing investigation report also indicates that defendant should be given seven days credit for time served, if the time she served before the imposition of this sentence has not been credited against any other sentence. See State v. Jackson, 582 So.2d 915 (La.App. 2d Cir.1991).
CONCLUSION
Defendant’s sentence is amended to reflect credit for time served that has not been credited against any other sentence. In all other respects defendant’s conviction and sentence are affirmed. The trial court is instructed to send written notice to defendant of the correct prescriptive period for post-conviction relief. This notice shall be provided within ten days of the rendition of this opinion and receipt of said notice by defendant shall be noted in the record.
AMENDED AND AFFIRMED AS AMENDED.