679 So.2d 518 (1996)
STATE of Louisiana, Appellee,
v.
Nigaragua Tehran DEMERY, Appellant.
No. 28396-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
*519 Indigent Defender Office by Kurt Goins, New Orleans, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, for Appellee.
Before SEXTON, NORRIS and WILLIAMS, JJ.
NORRIS, Judge.
Defendant, Nigaragua Tehran Demery, was indicted for the second degree murder of George Burns in violation of La.R.S. 14:30.1. A jury found him guilty as charged and he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant now appeals his conviction and sentence advancing three assignments *520 of error.[1] For the reasons assigned below, we affirm defendant's conviction and sentence.

FACTS
On the evening of January 5, 1995, Demery, the victim, Burns (a/k/a Pookie, Touchet), Larry Mitchell, Deitrice Moses (a/k/a Dee), and Reginald Davis (a/k/a Red) were "hanging out" together, drinking alcohol, and talking. The group was outside of the house where Demery and Mitchell's grandmother lived on Jordan Street in Shreveport. Defendant and Mitchell were first cousins.
In the course of the evening Demery and Burns had an argument. According to Mitchell and Moses, Demery had a .22 caliber revolver stuffed down inside his pants. He pulled out the gun and started shooting at Burns. He fired three shots at Burns while he was standing and then fired two more shots at Burns after he fell to the ground. Mitchell testified that before shooting Burns, Demery said, "You think I ain't real." After shooting Burns, Demery turned and pointed the gun at Moses and Davis. They, along with Mitchell, ran from the area.
Law enforcement officials arrived on the scene promptly after the shooting. Burns was transported to LSU Medical Center, and despite undergoing surgery, he died of acute heart and lung failure due to loss of blood.
Dr. George McCormick, forensic pathologist and Caddo Parish Coroner, recovered a bullet from Burns's body during the autopsy. Dr. McCormick testified that Burns sustained a gunshot wound to the abdomen at the lower edge of the rib cage. The bullet was sent to Richard Beighley, a criminalist with the Northwest Louisiana Crime Lab, for examination. Beighley testified that the bullet was consistent with a .22 caliber bullet. He also examined the jacket that Burns was wearing at the time he was shot. Beighley stated that he found three holes in the jacket: one in the hood, one in the chest area, and one in the abdomen area. The holes were consistent with the size of bullet holes, and he determined them to be entrance holes. Beighley also found one exit hole in the back of the jacket.
Demery testified at trial and gave a different version of the evening's events from that of Mitchell and Moses. He admitted shooting Burns, but claimed that he fired in self-defense because Burns was reaching for a gun. He stated that the group was standing outside his grandmother's house drinking alcohol and smoking marijuana. Demery claimed that Burns began talking loudly and when he asked Burns to lower his voice, Burns replied, "You can't tell me what to do." The two began arguing and calling each other names. Demery stated that Burns then said, "What, you want to buck?," an expression implying that he wanted to fight. At that point, according to defendant, Burns reached into his jacket with his right hand. Defendant claimed that he had seen Burns with a .25 automatic pistol earlier in the evening and thought he was reaching for it. Defendant pulled out his gun and began shooting. When he saw Burns fall to the ground, he turned and ran from the area, throwing the gun away somewhere along the way.
Despite defendant's claim to the contrary, both Mitchell and Moses testified on direct and cross examination that they never saw Burns with a gun on the night of the shooting. Further, Mitchell, who was defendant's cousin and Burns's friend, stated that Burns did not reach into his pocket or put his hands behind his back, but did pat his side. Moses, who was a close friend of both Demery and Burns, also testified that he did not remember Burns putting his hands inside his pocket or behind his back. Both Mitchell and Moses denied any suggestion that they could have removed the gun from the scene. Investigating officers did not find a gun or any other weapon on or near the victim's body.
The defendant, a 15-year-old, was tried by a 12-person jury. He claimed self-defense as a justification for the shooting. After hearing all the evidence, the jury by a 10-2 vote found him guilty of second degree murder. *521 Pursuant to La.R.S. 14:30.1, defendant was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant now appeals his conviction and sentence, advancing three assignments of error.

Assignment of Error No. 1
Defendant alleges that the trial court erred when it failed to find appreciable evidence of an overt act committed by the deceased, and refused to allow the defendant to present evidence of the deceased's dangerous reputation to support his claim of self-defense. At trial, Demery related his account of the events leading up to the shooting and described his apprehension that Burns might shoot him. Defense counsel then asked him if he had ever seen Burns pull a gun on anyone. The state objected to improper use of character evidence of the victim and the trial court sustained the objection without argument. In brief Demery argues he was denied the right to present evidence of dangerous character, thus entitling him to a new trial.
The foundation for the admissibility of such evidence is La.C.E. art. 404[2]
A. Character evidence generally. Evidence of a person's character or a trait of his character, such as a moral quality, is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: * * *
(2) Character of victim. (a) Except as provided in Article 412, evidence of a pertinent trait of character, such as a moral quality, of the victim of the crime offered by an accused, or by the prosecution to rebut the character evidence; provided that in the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of his dangerous character is not admissible; * * *
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith * * *
(2) In the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of the victim's prior threats against the accused or the accused's state of mind as to the victim's dangerous character is not admissible; * * *
This article's predecessor, La.R.S. 15:482, originally required "proof" of an overt act or hostile demonstration before evidence of the victim's threats or dangerous character was admissible. Likewise, the overt act or hostile demonstration had to be established to the satisfaction of the trial court. State v. Terry, 221 La. 1109, 61 So.2d 888 (1952). However, the legislature amended La. 15:482 in 1952 to require "evidence" rather than "proof" of an overt act.[3] "Evidence" of an overt act has been interpreted as "appreciable evidence" in the record relevantly tending to establish the overt act. When such evidence is present, the trial court cannot exercise its discretion to infringe upon the fact-determining function of the jury by disbelieving this defense testimony and thus, deny the accused a defense permitted him by law. State v. Lee, 331 So.2d 455 (La.1976); State v. Edwards, 420 So.2d 663 (La.1982); State v. Hardeman, 467 So.2d 1163 (La. App.2d Cir.1985). An "overt act" in this context means any act of the victim which manifests in the mind of a reasonable person a present intention on his part to kill or do great bodily harm. State v. Cavalier, 421 So.2d 892 (La.1982); State v. Carter, 550 So.2d 805 (La.App. 2d Cir.1989).
In the instant case, defendant points to particular excerpts of his own testimony as evidence that the victim was armed with a gun, was the verbal aggressor in the argument, *522 and was attempting to pull a gun on the defendant at the time of the shooting, all of which allegedly constitutes an overt act by the victim. While testimony at trial showed that defendant and Burns had been arguing prior to the shooting, there was no evidence, other than the defendant's testimony, that Burns was armed or made any action that could be interpreted as an attempt to pull a gun. Furthermore, the officers who arrived very soon after the shooting did not find a weapon at the scene.
The other act, alluded to by Mitchell, of the victim patting his side cannot be characterized as an overt act or hostile demonstration. State v. Cavalier, supra. In fact, the defendant does not make such a claim.
Similarly, in State v. James, 339 So.2d 741 (La.1976), the defendant sought to introduce evidence of the victim's dangerous character. He testified that he shot the victim when the victim leaned forward in his car; James thought he was reaching for a gun stashed under the dashboard. The Supreme Court found the trial judge acted properly in excluding the character evidence stating: "The self-serving, contradicted testimony of the defendant that [the victim] leaned toward a place the defendant believed he kept a gun is not appreciable evidence tending to establish an overt act." Id., at 746. See also, State v. Clark, 558 So.2d 665 (La.App. 1st Cir.) writ denied 564 So.2d 317 (La.1990); Compare State v. Edwards, supra (where defendant's testimony was corroborated by forensic and physical evidence and the eyewitness account was internally discredited).
In the case sub judice, the only evidence of an overt act by the victim was the self-serving, uncorroborated testimony of the defendant which was contradicted by the other eyewitnesses who testified at trial. Accordingly, the trial judge did not err in concluding there was not "appreciable evidence" of an overt act to justify admission of the contested evidence. This assignment of error is without merit.

Assignment of Error No. 2
By his second assignment of error, defendant asserts that the trial court erred in denying his motion for a new trial. In essence he reiterates his claim that the evidence was insufficient to prove that this homicide was not committed in self-defense.
Defendant contends that the trial court erred in denying his motion for new trial pursuant to La.C.Cr.P. art. 851(1), which provides that the court shall grant the defendant a new trial on his motion when the verdict is contrary to the law and the evidence. However, the denial of a motion for new trial based on La.C.Cr.P. art. 851(1) is not subject to review on appeal. State v. Bartley, 329 So.2d 431 (La.1976); State v. Harper, 27,278 (La.App. 2d Cir. 8/23/95), 660 So.2d 537, writ denied, 95-2318 (La. 1/12/96), 666 So.2d 320. The question of sufficiency is properly raised by a motion for post verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Edwards, 25,963 (La.App. 2d Cir. 5/4/94), 637 So.2d 600. Defendant filed such a motion, which the trial court denied. Since the subject of this assignment is substantially sufficiency of the evidence, and this is a constitutional issue, we will treat it as though it has been properly framed under La.C.Cr.P. art. 821. State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).
The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Harris, 625 So.2d 228 (La.App. 2d Cir.1993). That standard, initially enunciated in Jackson, and now legislatively embodied within La.C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Edwards, supra; State v. Wilson, 623 So.2d 200 (La.App. 2d Cir.), writ denied, 629 So.2d 399 (La.1993).
A defendant who asserts self-defense in a homicide case does not assume any burden of proof on that issue. The state has the affirmative duty of proving beyond a reasonable doubt that the homicide was not *523 perpetrated in self-defense. Thus, the state must show beyond a reasonable doubt that the defendant did not reasonably believe that he was in imminent danger of losing his life or receiving great bodily harm and that the killing was necessary to save his life. State v. Cotton, 25,940 (La.App. 2d Cir. 3/30/94), 634 So.2d 937.
On appeal, the relevant inquiry is whether any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense after viewing the evidence in the light most favorable to the prosecution. Id.
Defendant raises several arguments which he contends show that the state did not prove his guilt beyond a reasonable doubt. First, he claims that the physical evidence contradicts the testimony of eyewitnesses Moses and Mitchell. Second, defendant attacks the credibility of both Moses and Mitchell. He points out that both were friends of Burns and that Mitchell was previously convicted of possession of a Schedule II controlled dangerous substance. He also argues that either one could have removed a gun from Burns's body before the police arrived. Third, defendant argues that the evidence supported his claim of self-defense rather than proving him guilty of second degree murder.
Second degree murder is defined in part as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. La.R.S. 14:30.1 A(1). La.R.S. 14:20(1) provides that a homicide is justifiable "[w]hen committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that killing is necessary to save himself from that danger."
The evidence, viewed in the light most favorable to the state, shows that Demery engaged in an argument with Burns. After directing a threatening remark towards him, Demery pulled a loaded gun and fired several times at him. Both Mitchell and Moses testified that Burns was unarmed and did nothing to suggest he was reaching for a concealed weapon. Demery fired at Burns until he fell to the ground and then turned and pointed the gun at Moses and Davis. From this evidence, a reasonable trier of fact could conclude that defendant possessed the specific intent to kill or to inflict great bodily harm required for a conviction of second degree murder and that the killing was not in self defense.
Defendant incorrectly asserts that the testimony of Detective Gary Foster of the Shreveport Police Department contradicted that of eyewitnesses Moses and Mitchell. While both stated that they observed defendant fire three to five shots at Burns, the only bullet recovered from the scene was the one removed from the victim's body. However, such evidence does not directly contradict their testimony. Further, Beighley testified that he found three holes in the front of Burns's jacket and one in the back of it, consistent with the size of bullet entrance and exit holes. This evidence supports the testimony that defendant fired several shots.
As to the credibility of Moses and Mitchell, the jurors were aware of their relationship with the victim and the defendant as well as Mitchell's prior felony conviction. Further, both denied removing a gun from Burns's body after the shooting. The jury obviously chose to accept their version of the shooting and not to believe Demery's claim of self-defense. This court's authority to review questions of fact in a criminal case is limited to an evaluation of the sufficiency of the evidence under Jackson and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. McCray, 621 So.2d 94 (La.App. 2d Cir.1993); State v. Wilson, supra. It is the function of the jury to assess credibility and resolve conflicting testimony. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the jury, is sufficient for the requisite factual conclusion. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.), writ denied, 604 So.2d 973 (1992). As the evidence was sufficient to convict defendant of second degree murder, this assignment is without merit.

*524 Assignment of Error No. 4

Defendant asserts any and all errors patent on the face of the record. An error patent review conducted in accordance with La.C.Cr.P. art. 920 revealed no errors. We also note that this request is unnecessary since such a review is made automatically in all criminal cases. State v. Moore, 26,329 (La.App. 2d Cir. 8/17/94), 642 So.2d 679.
For the foregoing reasons, the defendant's conviction and sentence is AFFIRMED.
NOTES
[1] Defendant initially submitted four assignments of error; however, he abandoned assignment no. 3 in brief.
[2] This article essentially codified the prior jurisprudence under R.S. 15:482. See Official Revision Comment (e); 1995 Author's notes (3); and discussion, infra.
[3] Former La.R.S. 15:482 provided, "In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against [the] accused is not admissible."