JiWILLIAMS, Judge.
The defendant, Allen Simpson, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. A jury found the defendant guilty as charged. Subsequently, the defendant filed motions for a post-verdict judgment of acquittal and a new trial, both of which the trial court denied. The trial court sentenced defendant to serve thirty years imprisonment at hard labor and denied his timely motion to reconsider sentence. The defendant appeals his conviction and sentence. For the following reasons, we affirm.
FACTS
On September 22, 1994, at approximately 11:00 p.m., a group of four persons, one of whom was the defendant, entered the “Patriot C” convenience store in Bossier City. The members of the group purchased several items and left the store, but the defendant returned shortly thereafter. A witness in the parking lot testified that the defendant had a handgun when he went back into the store.
The defendant walked to the counter and asked the clerk, Frank Walker, III, to give him a cigarette. When Walker told the defendant that cigarettes cost fifteen cents each, the defendant gave the cigarette back to Walker. At trial, Walker testified as follows:
[The defendant said] ‘What would you do if you was to be robbed?’ And I told him I wouldn’t be worried about it because everything would be videotaped. And he said ‘Okay, then, well, give me all your money.’ And at the time he pulled the gun out and pointed it at me.
Walker pushed the panic alarm button and then gave the defendant more than $100 in cash from the register. The defendant left the store with the money.
Walker went out the back door of the store and spotted the defendant. When the defendant saw Walker, he pointed his gun at the clerk and said “You come any closer, I’ll shoot you.” Walker jumped behind a nearby dumpster, and the defendant got into his companions’ waiting car and fled.
^Walker flagged a passing Bossier Parish School Board security officer. The security *479 officer followed the defendant’s car. After a brief chase, the getaway car stopped and the defendant’s three companions fled the scene. The defendant remained with the vehicle and was arrested shortly thereafter, standing outside the car. The arresting officer found $119 near the car and a derringer under the car in the area where the defendant had been standing.
The defendant, who had prior convictions for simple robbery and simple burglary, admitted that he had gone back into the store after his companions had left the store, but claimed that he was unarmed. He testified that the clerk looked at him “all crazy” and handed him money from the cash register. The defendant was unable to explain why the clerk had given him the money or why he had taken it, although he testified that two of his companions told him that they had joked with the clerk about robbing the store.
Although the store’s video camera was not operational during the robbery, the witnesses positively identified the defendant as the robber. A unanimous jury convicted the defendant as charged.
After his conviction, defendant filed a motion for post-verdict judgment of acquittal, urging that he was unarmed during these events, and a motion for a new trial which challenged the sufficiency of the evidence and the denial of a challenge for cause during voir dire. Both motions were denied. Subsequently, the trial court sentenced, him to serve thirty years imprisonment at hard tabor without benefit of parole, probation or suspension of sentence. The defendant filed a motion to reconsider sentence urging that his punishment was-excessive. This motion was also denied. The defendant appeals his conviction and sentence.
DISCUSSION
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the ^sufficiency of the-evidence. The reason for reviewing sufficiency first is that the accused may be enti-tied to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the.light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992).
Sufficiency of the Evidence (Assignments of Error 2 and 3)
The defendant contends that this court should reduce the verdict of armed robbery to simple robbery because the evidence was insufficient to prove that he was armed during the robbery. In support of his argument, the defendant cites his own testimony asserting that he was unarmed.
Frank Walker testified that the defendant was armed with a gun during the robbery. The prosecutor showed Walker the derringer recovered when the defendant was arrested, and Walker identified the weapon as the one Simpson had pointed at him. Similarly, the witness who saw the defendant enter the store described the kind of gun that Simpson had as “a little bitty .38 or .32.”
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. Art. 5, § 5(C); State v. Demery, 28,396 (La.App.2d Cir. 08/21/96), 679 So.2d 518, 523. A reviewing court -accords great deference-to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied 499 So.2d 83 (La.1987).
The defendant has failed to show why this court should modify the armed robbery verdict. The only evidence presented at trial to show that the defendant was unarmed during the robbery was the defendant’s own self-serving testimony. LThe jury’s decision to credit the testimony of the victim and another witness over that of the defendant was founded in a credibility determination. We do not find any reason to disturb this ruling on appeal.
*480 Viewing the entirety of the evidence in the light most favorable to the prosecution, the jury could have reasonably concluded that the defendant committed the armed robbery with which he was charged. These assignments of error are without merit.
Excessive Sentence (Assignments of Error 1 and 5)
The defendant complains that his sentence of thirty years imprisonment at hard labor without benefit of probation, parole or suspension of sentence is constitutionally excessive.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
An appellate court uses a two-step process in reviewing claims of excessive sentence. First, the record must show adequate consideration of the criteria set forth in LSA-C.Cr.P. Art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense |sof justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
The record before us discloses adequate compliance with LSA-C.Cr.P. Art. 894.1 and demonstrates that this defendant’s sentence is not excessive. In sentencing the defendant, the court reviewed the contents of a pre-sentence investigation report. The court was disfavorably impressed with the defendant’s criminal history. In 1979, the defendant was convicted of burglary, two counts of unauthorized use of a movable and two counts of simple escape. The defendant was placed on probation for unauthorized use of a movable and burglary, but his probation was subsequently revoked. In 1986, the defendant was convicted of misdemeanor theft. In 1987, Simpson was convicted of shoplifting, and in 1988, the defendant was convicted of possession of stolen things. The court also noted more recent misdemeanor charges and arrests for which the defendant had not been prosecuted. Notably absent from the court’s recitation or the pre-sentence investigation report was a 1989 Nevada conviction for simple robbery that Simpson admitted during the trial. The defendant testified that he served either three and one-half or four and one-half years in prison in Nevada for that conviction.
The trial court stated its opinion that there was no mitigation or justification for the defendant’s conduct and noted that the defendant had given the police several different versions of the events surrounding the robbery and had not expressed remorse for what he had done. The court also found that the defendant was at least a third felony offender, that he was in need of custodial treatment, that he would likely commit crimes were he not incarcerated and that any lesser sentence would deprecate the seriousness of the offense.
On this record, we cannot say the district court abused its broad discretion in sentencing the defendant. Considering the defendant’s criminal history and the |6fact that his thirty-year sentence is in the lower range for an armed robbery conviction, the sentence imposed does not shock our sense of justice. These assignments of error are without merit.
Challenge For Cause (Assignment of Error 4)
The defendant contends that the trial court erred in denying his challenge for cause to prospective juror James Alderman and that this error merits reversal of his conviction.
Alderman, who had served as a juror in a previous trial in the 26th JDC, was called as *481 a prospective juror in the defendant’s trial. During voir dire, Alderman told the prosecutor that he was hearing impaired and had a back problem, but he felt that he would be able to sit as a juror and listen to the evidence. Defense counsel subsequently explored the juror’s hearing difficulty in detail, and the juror said that he had, been able to hear what was said in the previous trial, but he had to read lips “a lot of times.” The juror related, however, that he did not need to ask anyone to tell him what had been said.
During an untranscribed bench conference, the defendant apparently challenged this juror for cause. Later, in considering this challenge, the trial judge further questioned Alderman on the record about his hearing. Alderman told the court that he had heard everything that had transpired during voir dire and that his hearing problem would not prevent him from serving as a juror. Based on the prospective juror’s responses, the trial court denied the defendant’s challenge for cause. The defendant then exercised a peremptory challenge — his twelfth and last such challenge — to excuse Alderman from the jury.
The defendant argues that the trial court erred in denying his challenge for cause and that the use of his last peremptory challenge against Alderman forced him to accept ’ a juror who had once been the victim of a violent armed robbery.
RLSA-C.Cr.P. Art. 401 provides, in pertinent part:
A. In order to qualify to serve as a juror, a person must:
(4) Not be under interdiction or incapable of serving as a juror because of a mental or physical infirmity, provided that no person shall be deemed incompetent solely because of the loss of hearing in any degree.
B. Notwithstanding any provision in Subsection A, a person may be challenged for cause on one or more of the following:
(1) A loss of hearing or the existence of any other incapacity which satisfies the court that the challenged person is incapable of performing the duties of a juror in the particular action without prejudice to the substantial rights of the . challenging party.
(2) When reasonable doubt exists as to the competency of the prospective juror to serve as provided for in Code of Criminal Procedure Art. 787.
LSA-C.Cr.P. Art. 401.1 makes special provisions for an interpreter for jurors with a hearing loss.
The trial court is vested with great discretion in determining whether a juror suffering from a physical infirmity is competent to serve as a juror. State v. Timon, 28,747 (La.App.2d Cir. 10/30/96), 683 So.2d 315, 324; State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987). A decision by a trial court that a juror is not so impaired to make him incompetent to serve as a juror should not be disturbed absent an abuse of discretion. State v. Timon, supra; State v. Mills, supra.
In response to every pertinent question, Alderman responded that his hearing problem was not so severe that he would be unable to fulfill his obligation as a juror. He said that in his previous jury experience, he often had to read lips, but he had never had to ask what someone had said and had “heard it all.” The record does not disclose that Alderman had any problems hearing the judge or the attorneys during voir dire. The judge had ample opportunity to observe [sAlderman’s responses to questions and also noted that the defendant’s trial was held in the smaller courtroom “where the jury sits right next to the witness stand.”
This case presented no particular issue where the acuity of the juror’s hearing was critical; the jury was not asked to recognize the defendant’s voice or listen to a difficult-to-hear tape. As noted above, the robbery itself was not captured on tape by the surveillance camera. We are convinced from the record before us that the trial court did not abuse its - discretion in finding that the prospective juror’s hearing problem was in-siiffieient to merit a challenge for cause under LSA-C.Cr.P. Arts. 401’ or 787. This assignment of error is without merit.
We have reviewed the entire record for errors patent and have found none.
*482 DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.